KONSTANTY BARTOSZEWICZ *vs.* RICHARD FARASHIAN.

SAME *vs.* SARKIS FARASHIAN.

Hampshire.   September 20, 1933. — October 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Motor vehicle, Contributory, Proximate cause. *Proximate Cause.*

At the trial of actions by a passenger for hire in an automobile against the driver and the owner thereof, there was evidence that, on a journey at night, it was discovered that the lights on the automobile were defective; that arrangements were made by the driver with his employer, the owner, who was not present, to meet the automobile and remedy the defect; that the driver passed the owner on the road and that, when the driver's wife, who was in the rear seat beside the plaintiff, so informed the driver, he told her to "get out and shout to him"; that as she was trying to get out, the driver took his foot off the brake and the automobile, which was on a down grade, started suddenly, throwing the wife; that the driver shouted to the plaintiff to help her; and that, in attempting to do so, the plaintiff fell and was injured. *Held,* that

(1) Findings were warranted that the removal of the driver's foot from the brake was a negligent act and was a proximate cause of the plaintiff's injury;

(2) There was no evidence warranting a finding that negligence of the plaintiff contributed to his injury;

(3) A finding was not warranted that the fact, that the automobile was driven with defective lights in violation of G. L. (Ter. Ed.) c. 90, § 7, and the fact, that the plaintiff participated in the violation of the statute, were proximate causes of the injury to the plaintiff, and those facts did not bar the plaintiff from recovery.

TWO ACTIONS OF TORT.   Writs dated October 7, 1931.

In the Superior Court, the actions were tried together before *Beaudreau*, J.   Material evidence is described in the opinion.   There was a verdict for the plaintiff in each action in the sum of $1,500.   The judge reported the actions for determination by this court on terms stated in the opinion.

*J. D. Ross & R. J. Dunn*, for the defendants, submitted a brief.

*G. L. Burke*, for the plaintiff.

PIERCE, J.   These two actions of tort for personal injuries were tried together in the Superior Court to a jury, and are against the owner and the operator respectively of a motor vehicle from which the plaintiff, while a passenger for hire and not as a guest, was thrown and run over while the same was being operated on a public way in Cummington, Massachusetts, on July 20, 1931.   At the close of the evidence the defendants filed a request for an instruction to the effect that if the defective lights contributed to the cause of the injury the plaintiff could not recover.   This request was granted by the judge and the jury were so instructed.   "Before the case was submitted to the jury both counsel for the plaintiff and defendants agreed that the sole issue to be determined was whether there was any lack of care on the part of the plaintiff, irrespective of his employment, or negligence on the part of the defendant."   At the close of the plaintiff's evidence as to liability, the defendants offered no evidence.   The defendant in each case filed a motion for a directed verdict on each count of the plaintiff's declaration upon the law and the evidence.   The motions were denied and the jury returned a verdict for the plaintiff in each case.

Thereafter the judge reported the cases to the Supreme Judicial Court "upon the stipulation that if upon all the evidence, the case should have been submitted to the jury, and the jury was warranted in finding for the plaintiff, judgment is to be entered for the plaintiff against each defendant in the sum of $1,500, with interest from December 13, 1932, otherwise judgment for the defendant in each case."

All the material evidence is reported and it discloses that on July 20, 1931, the plaintiff was injured while riding in an automobile operated by the defendant Richard Farashian, not as a common carrier of passengers, on the Berkshire Trail in Cummington, Massachusetts. The evidence warranted the jury in finding that the plaintiff was riding with the defendant Richard Farashian under a contract of hire with both defendants, which included transportation from Northampton, Massachusetts, to Troy, New York, and, when his "painting job" was finished, as it was on the day of the accident, transportation, personally with his ladders and all his other painting equipment, from Troy back to Northampton. The evidence is uncontradicted that the defendant Richard Farashian called for the plaintiff in Troy on the day of the injury, and that in the early evening of that day they left Troy for Northampton in an automobile owned by the defendant Sarkis Farashian, and operated by Richard, at the request and with the permission of the defendant Sarkis Farashian; that the automobile was a touring car with a left front drive, and that the wife of Richard was seated on the left rear side and the plaintiff was seated on the right rear side. There was evidence offered and, so far as the report shows, received, that the plaintiff's ladders and other painting equipment were tied on the automobile on the right side; that considerable difficulty was experienced with the lights of the automobile after it had become dark; that when they got to Pittsfield something went wrong with the lights. The testimony was conflicting as to whether they went out entirely, but they did become very dim and if they were not out completely they were useless. At Pittsfield the party stopped at one or two different garages to have the lights repaired but because it was Sunday the driver was not able

to get them fixed or secure a battery and they proceeded to
Dalton where another stop was made to secure repairs to
the lights and then the defendant Richard Farashian tele-
phoned his brother, the defendant Sarkis Farashian, in
Northampton and arrangements were made for him to meet
Richard at the Cummington garage with a new battery.
The report states that there was testimony (which would
warrant the jury in finding) that before the defendant
Richard Farashian reached the Cummington garage the
defendant Sarkis Farashian arrived there, and upon discover-
ing that his brother had not yet arrived he continued on up
the Berkshire Trail to meet him.   There was testimony to
warrant a jury in finding that the defendant Sarkis passed
the automobile operated by Richard;  that the wife of
Richard said that she saw Sarkis pass, and that her husband
said to her "Get out and shout to him."   The report states
that "At this point, there was uncontradicted evidence that
the car was on a down grade at a curve" and that Mrs.
Richard Farashian started to get out and open the left rear
door;  that there was testimony that, while she was getting
out, the defendant "started the car again suddenly";  that
the defendant Richard Farashian, called by the plaintiff,
testified "that he had taken his foot off the foot brake, while
the car was at a down grade on the curve, and that the car
rolled";  that his wife "tried to get back into the car and at
this time fell";  that the defendant Richard Farashian was
turned around and he shouted to the plaintiff to help his
wife at the time when it was alleged she first started to fall;
that she cried out also;  that the plaintiff leaned over and fell
while trying to help her and he testified that she was falling
out when he went to get hold of her;  and that as he did so
"the car again lunged forward" and she fell and he was
thrown out with her "while attempting to grab her."   The
plaintiff alleged in his declarations that this conduct of the
defendant Richard Farashian was negligent and was the
cause of his injury.

The defendants rely on the evidence that the night was
foggy and the road was over the Berkshire Trail from Pitts-
field to Northampton;  that when trouble was first had with

the lights the plaintiff asked the defendant Richard Farashian not to continue on and said, "I don't want to take any chances"; that the lights afterwards went out at Pittsfield; that the automobile stopped at Pittsfield and went on after it was ascertained that it was not possible to have the lights fixed because it was Sunday; that the automobile thereafter was driven with useless lights or no lights at all, and was stopped at Dalton and an effort made to secure repairs to the lights, without avail; that the plaintiff knew that it was "dangerous" to drive without lights; that he had ample opportunity to alight and refuse to go farther after the lights went out; that he did not take advantage of that chance and that at least on one occasion when the automobile stopped at a garage he got out of the automobile and later got back again and continued on, remonstrating with the defendant against continuing on; and they contend that this as matter of law established that the plaintiff knew and appreciated the danger of driving an automobile on a dark and foggy night over a mountainous road, or in the exercise of ordinary intelligence should have known and appreciated the dangers attendant on such driving.

The plaintiff does not contend, as we understand it, that he could recover "if the defective lights contributed to the cause of the injury," and the judge so instructed the jury, without any exception of the plaintiff. As above said he relies for the maintenance of his right of action upon the evidence which warranted the jury in finding that the proximate cause of the injury to the plaintiff was the taking of the foot of the defendant Richard Farashian from the brake at a time when the automobile was stopped at a down grade, on a curve in the road, to permit the driver's wife to get out of the automobile, thereby allowing the automobile to start again suddenly. It is plain that the removal of the defendant's foot from the brake in the circumstances hereinbefore stated was a negligent act; and there is no evidence that any act of the plaintiff was a contributing cause of that negligent conduct. We think the fact that the automobile was driven without lights in

violation of G. L. (Ter. Ed.) c. 90, § 7, and the fact that the plaintiff participated in the violation of the statute were a condition and not a cause of the negligent act of taking the foot of the driver from the brake at a down grade where the automobile was sure to start unless held by the brakes. In a word the causal relation if present was too remote. The cases were properly submitted to the jury which were warranted in finding for the plaintiff. It follows that, upon the stipulation, "judgment is to be entered for the plaintiff against each defendant in the sum of $1,500, with interest from December 13, 1932."

*So ordered.*