# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

ROY O. BAGGS *vs.* ROBERT L. HIRSCHFIELD.

Hampshire.    September 18, 1935. — December 10, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, Violation of statute, Contributory.

Where the defendant in an action for injuries resulting from a collision
at night of motor vehicles operated by the parties relied on evidence
of the plaintiff's violation of the statutes pertaining to lights on motor
vehicles as evidence of negligence of the plaintiff contributing to his
injuries, it would be reversible error to charge the jury that his viola-
tion of such statutes could be found to be contributory negligence only
if the plaintiff "knew or ought to have known" of the violation and
that he had "a reasonable chance to discover that his equipment . . .
[was] not according to statute in order to be negligent."

TORT.    Writ dated February 7, 1934.

The action was tried in the Superior Court before *Broad-
hurst*, J.    There was a verdict for the plaintiff in the sum
of $3,750.    The defendant alleged exceptions.

The case was submitted on briefs.

*D. B. Wallace*, for the defendant.

*H. F. Wood & K. H. Hemenway*, for the plaintiff.

LUMMUS, J.    The plaintiff, during a heavy fall of sticky
snow, after eight o'clock in the evening of February 25,

1933, was operating a motor truck equipped as a snow plow, for the purpose of clearing the highway. At the time of the accident, the truck was stopped on the right side of the macadam highway, which was thirty feet wide, and the truck projected only two feet to the left of the right edge. The truck had a tail light, pilot lights on each side visible from the rear as well as the front, and a cluster of bright lights on the rear of the cab. All were lighted, according to the plaintiff's evidence. The defendant drove his automobile up behind the truck, was unable to stop in season, and crashed into the back of the truck, throwing the plaintiff off his seat and injuring him. There was evidence that the heavy truck was moved ahead from five to seven feet by the collision, and that the defendant's automobile turned to the left across the road and went sixty-six feet before stopping. See *Levine* v. *Bishop,* 292 Mass. 277. There was evidence for the defendant that no lights on the truck were lighted except the headlights. Lights in the rear were required by G. L. (Ter. Ed.) c. 90, §§ 7, 20. See also c. 85, § 17. *Commonwealth* v. *Henry,* 229 Mass. 19. *Renaud* v. *New England Transportation Co.* 286 Mass. 39, 42. *Jacobs* v. *Moniz,* 288 Mass. 102. After a verdict for the plaintiff, the case is here on the defendant's exception to the charge.

A violation of a criminal law by a plaintiff in an action of tort for negligence may have two results. If it contributes directly to his injury, his action is barred, irrespective of negligence. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 600–602. *Patrican* v. *Garvey,* 287 Mass. 62. See also *Farr* v. *Whitney,* 260 Mass. 193; *Perry* v. *Stanfield,* 278 Mass. 563, 569, *et seq.*; *Potter* v. *Gilmore,* 282 Mass. 49, 51; *Janusis* v. *Long,* 284 Mass. 403, 410. That principle is not involved in the present case on this record, for the defendant did not rely upon it in his discussion with the judge. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108. *Rothwell* v. *First National Bank of Boston,* 286 Mass. 417, 422. What was relied on, and what was submitted to the jury in the charge, was the other result of a violation of criminal law by a plaintiff; and this result follows equally

a violation by a defendant.  The violation of a penal stat-
ute is evidence of negligence as to all consequences that
the statute was intended to prevent.  *Bourne* v. *Whitman*,
209 Mass. 155, 166, 167.  *Kenyon* v. *Hathaway*, 274 Mass.
47.  *Milbury* v. *Turner Centre System*, 274 Mass. 358.  *Con-
rad* v. *Mazman*, 287 Mass. 229.  *Noble* v. *Boston Elevated
Railway*, 287 Mass. 364, 367.  The reasoning is not unlike
that by which the violation of a rule of a corporation is
held to be evidence of negligence.  *Stevens* v. *Boston Ele-
vated Railway*, 184 Mass. 476, 479.  Negligence consisting
in whole or in part of violation of law, like other negligence,
is without legal consequence unless it is a contributing cause
of the injury.  *Wall* v. *King*, 280 Mass. 577.  *Bratton* v.
*Rudnick*, 283 Mass. 556, 559.  *Hathaway* v. *Huntley*, 284
Mass. 587, 592.  *Peabody* v. *Campbell*, 286 Mass. 295, 301.
*Hoxie* v. *Bardwell*, 287 Mass. 121.  *Kzcowski* v. *Johnowicz*,
287 Mass. 441, 444.  *Stowe* v. *Mason*, 289 Mass. 577, 583.
The defendant in this case set up contributory negligence
in his answer, and thus opened the effect of the plaintiff's
violation of law as evidence of such negligence.  *Gately* v.
*Taylor*, 211 Mass. 60, 64, 65.  *MacDonald* v. *Boston Ele-
vated Railway*, 262 Mass. 475.  See *Balian* v. *Ogassin*, 277
Mass. 525, 530.  The case is to be considered on the footing
of contributory negligence, and the question is, whether
the charge was correct with respect to contributory neg-
ligence.

In his charge, the judge left it to the jury to say whether
the absence of "workable lights such as the law required
. . . at the rear" of the plaintiff's truck, if the plaintiff
knew of their absence, indicated negligence.  After the
charge, counsel for the defendant pointed out that "the
violation of that statute, whether he [the plaintiff] knew
it or not, would be evidence of negligence if it contributed
in any way."  The judge replied that "it would have to
appear that he [the plaintiff] knew or ought to have known
it [the light] was not in working order and might be out,"
and that one "has a reasonable chance to discover that his
equipment is not according to statute in order to be negli-
gent."  The defendant did not distinguish between the

proposition of law laid down in the charge and that laid down in the colloquy, but restated his position and excepted, apparently to what was said in the charge. Even if we treat the charge as modified by what was said during the colloquy, which the judge apparently was willing to repeat to the jury, we think that there was error. A violation of a penal statute is evidence of negligence, as to all consequences that the statute was intended to prevent, without condition or qualification. *Perlstein* v. *American Express Co.* 177 Mass. 530, 531. *Coates* v. *Bates*, 265 Mass. 444, 449. It is true, that the jury in some cases may find it consistent with reasonable care, and therefore not negligent. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 600. *Bourne* v. *Whitman*, 209 Mass. 155, 163, 164. But the conditions stated by the judge by no means exhausted the possibilities of negligence, and unduly limited the jury.

*Exceptions sustained.*