FRANK DUNSMOOR & another *vs.* PAUL P. COWDREY (and a companion case [1]).

Middlesex.    October 6, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Proximate Cause.    Negligence,* Motor vehicle, Use of way, Violation of law.

Mere failure of the defendant, operator of a motor truck, to give a signal or warning required by a traffic regulation before stopping the truck could not warrantably have been found to have caused injury sustained by the rider of a bicycle who, following behind the truck so closely that, because of the suddenness of the truck's stopping, he had to turn to the left of the truck and, having stopped there, was struck by an automobile approaching from the opposite direction while he was standing still and holding onto the truck, and there was no evidence that the defendant knew or ought to have known of the plaintiff's presence behind the truck.

Evidence that the plaintiff, while on his bicycle standing still at the left side of a stationary truck on a highway, was thrown and injured when the left pedal of the bicycle was struck by an automobile approaching from the opposite direction on its right side of the road at a speed of from twenty to twenty-five miles an hour, did not warrant a finding of negligence of the operator of the automobile where it appeared that the plaintiff first came into view of the operator from behind the truck when the automobile was ten or fifteen feet away.

---

[1] The companion case is Frank Dunsmoor & another *vs.* Charles Wiker.

Two ACTIONS OF TORT. Writs in the Second District Court of Eastern Middlesex dated February 1 and March 25, 1941, respectively.

On removal to the Superior Court, the actions were tried together before *Broadhurst*, J.

The bill of exceptions contained the following description of the locus of the accident: "Newton Street runs in a northerly and southerly direction, Waltham being toward the northerly end, and Newton to the southerly end. McKenn Street intersects but does not cross Newton Street, and runs in a westerly direction from Newton Street; south of McKenn Street a strong one hundred feet is Calvary Street, which crosses Newton Street diagonally."

*J. T. Doherty*, for the plaintiffs.

*J. P. Sullivan*, for the defendant Cowdrey.

*D. H. Fulton*, for the defendant Wiker.

DOLAN, J. These actions of tort are brought to recover compensation for personal injuries sustained by the minor plaintiff and for consequential damages. See G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1. The cases were tried to a jury and now come before us on the plaintiffs' exceptions to the action of the judge in allowing the motion of the defendant in each case for a directed verdict in his favor.

The evidence would have warranted the jury in finding the following facts. On September 3, 1940, the minor plaintiff, hereinafter referred to as the plaintiff, and some companions were proceeding on bicycles in a northerly direction on Newton Street, in Waltham, behind an ice truck operated by the defendant Wiker (hereinafter called Wiker), which had entered from Calvary Street which crosses Newton Street diagonally. The ice truck was six feet wide and had a cab and in back of the cab a box body for the ice. The plaintiff was riding down grade "five or six feet behind the truck" with his coaster brake on. There was another bicycle in front of him on which two boys were riding. He was in a position to see automobiles approaching from the opposite direction "if he wanted to," but he did not see any. Wiker stopped his truck suddenly near the intersec-

tion of McKenn Street without giving any signal or other warning, and it was necessary for the plaintiff to go to one side or the other of the truck to avoid "hitting it." At the speed at which he was proceeding he could not have stopped his bicycle "in the distance he had to act." Wiker was about to make the turn into McKenn Street when he saw the automobile of the defendant Cowdrey approaching. The plaintiff turned to the left of the truck to avoid hitting its rear end and "grabbed hold of the side of the truck." The truck was stopped at that time and the plaintiff was "standing still." He stopped at the side and about at "the middle" of the truck because the oncoming car, that of the defendant Cowdrey, hereinafter called Cowdrey, was coming up the street. The plaintiff was prevented from going farther because the oncoming automobile of Cowdrey was "so close." The plaintiff knew that the truck might stop anywhere or turn into a side street, and so had been looking to see "if the driver put out his hand." A traffic regulation of the city of Waltham required ample warning to be given to any person who might be affected by any movement of a vehicle, and specified the manner in which warning should be given by extending the arm in certain positions. Cowdrey's automobile struck the left pedal of the plaintiff's bicycle and he was "thrown in the middle of the street and the bicycle was shoved to the side of the truck." He "hopped" to the sidewalk at McKenn and Newton streets and was taken to a hospital. Cowdrey testified that he was approaching on Newton Street at a speed of twenty to twenty-five miles per hour, and was driving on the right of the road; that as he approached McKenn Street he had to pull over more to the right at that point because of the ice truck which he saw first when one hundred feet distant from it; that the truck was in the process of slowing down; that he saw the plaintiff when he was ten or fifteen feet away; that he did not know whether he applied his brakes before he "hit the boy" but he applied them as soon as he could collect himself; and that he passed the truck. There was evidence that the truck was on its right side of the road, and that when the plaintiff branched off to its left

side he was on his right side of the middle of the road, but there was no evidence to warrant a finding that at the time of the collision he was still on his right side of the road.

In the circumstances just recited, we are of opinion that there was no error in the action of the judge in granting the motion of the defendant Wiker for a directed verdict in his favor. While the jury could have found that in stopping his truck he did not comply with the municipal regulations relative to giving warning of that action, yet they could not have found properly that his failure to do so bore a causal relation to the plaintiff's injuries. And negligence "consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield*, 293 Mass. 1, 3, and cases cited. Notwithstanding the violation of the regulations in question, on the plaintiff's own story the truck had stopped at the time of the accident and the plaintiff was "standing still" at the left side of the truck and in no danger from it when his bicycle was struck by Cowdrey's automobile. And had Wiker signaled his intention to stop, the evidence would compel the finding that the plaintiff would still have been unable to stop without hitting the truck, and to avoid this would have had to pass as he did to the side of the truck. There is no evidence to show that Wiker knew or ought to have known of the presence of the plaintiff behind the truck. Upon the evidence most favorable to the plaintiff the jury could not have found properly that any negligence on the part of Wiker contributed to the plaintiff's injuries. See *Falk* v. *Finkelman*, 268 Mass. 524, 527.

With respect to the action against Cowdrey there is nothing in the evidence to indicate that the plaintiff could have been seen by Cowdrey for more than an instant before the collision. It seems obvious that the action of the plaintiff in turning to the left of the truck was so sudden that it could not be found rightly that Cowdrey could have foreseen that the plaintiff would come into contact with his vehicle. The evidence would not have warranted the jury in finding that at the time of the accident Cowdrey was

driving on the wrong side of the road. While there was evidence that Cowdrey was driving at the rate of twenty to twenty-five miles an hour when the accident happened, yet a finding would be required that at that time he had passed the intersection of McKenn and Newton streets. We are of opinion that the plaintiff did not sustain his burden of presenting evidence warranting a finding that Cowdrey was negligent. The action against him is governed by numerous decisions. *Rizzittelli* v. *Vestine*, 246 Mass. 391, 392, and cases cited. *Gavin* v. *Jacobs*, 259 Mass. 23, 24. *Ellis* v. *Ellison*, 275 Mass. 272, 275. *Conte* v. *Mizzoni*, 298 Mass. 463, 465. *Lynch* v. *Krancer*, 302 Mass. 593, 595. *Wade* v. *Buchanan*, 306 Mass. 318. See *Costa* v. *Slade*, 281 Mass. 200.

Since the evidence would not warrant the jury in finding that negligence of either of the defendants contributed to the plaintiff's injuries, the question whether the plaintiff was in the exercise of due care need not be considered. In each case the entry must be

*Exceptions overruled.*