LEO DEAN *vs.* RAYMOND LEONARD
(and a companion case [1]).

Bristol.   October 25, 1948. — January 12, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Motor Vehicle*, Registration. *Negligence*, Contributory, Violation of law, Motor vehicle. *Proximate Cause. Pleading, Civil*, Answer.

In an action by the operator of an illegally registered motor vehicle for injuries sustained in a collision, where the defendant pleaded contributory negligence on the part of the plaintiff but not the illegal registration, the defendant was entitled to have the plaintiff's violation of law in operating the vehicle considered as evidence, but not as conclusive, of contributory negligence.

In an action for injuries sustained in a collision of motor vehicles, a violation of law through operation of an illegally registered motor vehicle by the plaintiff, when considered solely as bearing on negligence on his part in view of the defendant's answer setting up only contributory negligence and not the illegal registration, was not as a matter of law the proximate cause of the collision, and there was no error in an instruction to the jury that they should consider whether the violation "was an effective and contributing cause of the accident, or merely an attendant circumstance."

TWO ACTIONS OF TORT.   Writs in the First District Court of Bristol dated February 5, 1943.

Upon removal to the Superior Court, the actions were tried before *Hurley*, J.

---

[1] The companion case is that of the same plaintiff against Joseph DelSolio.

*F. D. Mone,* for the defendants.

*W. J. Fenton, (W. A. Bellamy* with him,) for the plaintiff.

QUA, C.J.   These actions are for personal injury sustained by the plaintiff at Taunton on July 15, 1942, when a collision occurred between an automobile driven by him and an automobile driven by the defendant Leonard but owned by the defendant DelSolio.   There was a verdict for the plaintiff in each action.

There was evidence that the automobile driven by the plaintiff belonged to him but was registered in the name of his father.   The answer in each case set up contributory negligence of the plaintiff but did not set up illegal registration as a defence.   The only exception argued by the defendants is to a portion of the charge wherein the judge told the jury in substance that, if they found illegal registration, they could take that into account as bearing upon contributory negligence, and that they should consider "whether or not the violation of the statute was an effective and contributing cause of the accident, or merely an attendant circumstance."   It is evident that the judge charged with the pleadings in mind.

There was no error in instructing the jury that they could take into account illegal registration as bearing upon contributory negligence.   Where a defendant relies upon illegal registration of the plaintiff's motor vehicle as a separate defence in itself, he must plead it, but even if he does not plead it as a defence in itself, if he has pleaded contributory negligence, he is entitled to have the jury consider illegal registration as evidence of the plaintiff's contributory negligence.   *MacDonald* v. *Boston Elevated Railway,* 262 Mass. 475.   *MacInnis* v. *Morrissey,* 298 Mass. 505, 509.   *Herman* v. *Sladofsky,* 301 Mass. 534, 538.   *VanDresser* v. *Firlings,* 305 Mass. 51, 56.   *Burns* v. *Winchell,* 305 Mass. 276, 277–278.   *Conningford* v. *Cote,* 308 Mass. 472, 475–476.   *Munson* v. *Bay State Dredging & Contracting Co.* 314 Mass. 485. The fact of illegal registration, if proved, is not necessarily conclusive of negligence.   That fact may be explained or controlled by other evidence, so that on the whole no negligence appears.   The distinction between violation of law

and negligence has never been better stated than by Mr. Justice, afterwards Chief Justice, Knowlton in the leading case of *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. And see *Baggs* v. *Hirschfield*, 293 Mass. 1, 2–3. The doctrine that violation of law is negligence per se does not prevail in this Commonwealth. *Wynn* v. *Sullivan*, 294 Mass. 562, 566. *Richmond* v. *Warren Institution for Savings*, 307 Mass. 483, 485. *Commonwealth* v. *Welansky*, 316 Mass. 383, 403.

We are inclined also to the view that there was no error in instructing the jury that they should consider whether illegal registration was a cause of the accident or merely an attendant circumstance. The distinction between violation of law as a cause and violation of law as an attendant or collateral circumstance must be sharply drawn where violation of law by a plaintiff is open as a complete defence to the action, if it was a cause. This situation is dealt with fully in *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, and in the many cases following that case. But where, as in the present cases, violation of law is not pleaded as in itself a defence and is to be considered only as evidence of contributory negligence along with other evidence bearing upon the subject, there would seem to be little need for the singling out of one possible element of negligence for a specific instruction of the kind here given. Nevertheless, as was said, with citation of cases, in *Baggs* v. *Hirschfield*, 293 Mass. 1, at page 3, "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." It does not seem, therefore, that there was error in directing the jury's attention to the distinction between cause and circumstance.

The defendants urge with considerable force that under the decisions in this Commonwealth the violation of law involved in driving an improperly registered automobile is as matter of law a proximate contributing cause of any collision and of the resulting damage, and that no jury can be permitted to find that it is only a circumstance. It is true that from the early days of the motor vehicle on the

public ways peculiar significance has been attached in this Commonwealth to the operation of improperly registered vehicles, and that the relation of cause and effect has been extended very broadly in dealing with this particular form of illegal conduct. It has been held in numerous cases that an improperly registered vehicle is a "trespasser" and a nuisance, and that the illegal quality in the act of driving it permeates every movement of the operator and directly contributes as a cause of the injury. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 158. *Potter* v. *Gilmore,* 282 Mass. 49, 51, 56. *LaFucci* v. *Palladino,* 285 Mass. 240. *Scranton* v. *Crosby,* 298 Mass. 15, 16. *Strogoff* v. *Motor Sales Co. Inc.* 302 Mass. 345, 346. *Rummel* v. *Peters,* 314 Mass. 504, 507. We make no attempt at a complete citation of the cases. This is a severe rule. Whether we would now adopt it, if the matter were new, is beside the point. We are not disposed to extend its application. We believe that it has seldom, if ever, been applied where, in strict conformity to the pleadings, the violation of the statute was being considered solely in its aspect as some evidence of negligence and not at all in its aspect as an illegal act by itself. We think the rule should not be so applied. If there is any logical difficulty in making this distinction, it is no greater than the logical difficulties encountered in attempting to attach to one ingredient of merely negligent conduct, consisting in the violation of one particular statute, consequences not attached to other ingredients of negligent conduct, including such as consist in violations of other statutes. When violation of law is not pleaded, and the jury are instructed upon negligence only, in accordance with the pleadings (see *Boettjer* v. *Clark,* 305 Mass. 59, 61), we think the case should be dealt with like other negligence cases, and that the peculiar rule of the decisions hereinbefore cited does not govern.

In each case the entry will be

*Exceptions overruled.*