RICHARD F. FALVEY *vs.* JOSEPH HAMELBURG.

Suffolk.    April 7, 1964. — May 4, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Negligence,* Motor vehicle, Violation of law.    *Motor Vehicle,* Registration. *Proximate Cause.    Evidence,* Distortion of evidence.    *Law or Fact.*

In an action with a declaration based on negligence of the defendant in the operation in 1957 of an automobile which struck the plaintiff, but not on illegal registration of the automobile, illegal registration could be considered only as evidence of negligence.   [433]

Evidence of the circumstances in which a boy playing in a yard on one side of a wide, city street on a dry, clear day attempted to cross the street during "heavy," "rush hour" traffic, passed beyond the center line of the street and between two automobiles in the first of two lines of traffic and was struck and thrown ten feet by an automobile which had traveled no more than ten feet and at a speed of five to ten miles an hour since last at a stop, did not warrant a finding of negligence on the part of the operator of that automobile where there was no evidence that he could have seen the boy for more than an instant, if at all, before the impact.   [433]

At the trial of an action to recover for injuries sustained by the plaintiff when struck by the defendant's automobile while crossing a street, where an eye-witness testified that his automobile and that of the defendant directly in front of it were in one of two lines of traffic at the time of the accident, the jury were not entitled to accept portions of the witness's testimony and find that at first the defendant had been in the line of traffic stated by the witness and to reject other portions of his testimony and find that the defendant had changed to the other line before the accident.   [433–434]

Violation of a penal statute is evidence of negligence as to all consequences which the statute is intended to prevent.   [434]

Violation of a penal statute by operation in 1957 of an illegally registered

automobile which struck a pedestrian was as matter of law merely a circumstance or condition of the accident having no causal relation to it, and was of no legal consequence as evidence of negligence in determining the liability of the operator of the automobile to the pedestrian. [435–436]

The question of causal connection between negligence in a violation of a penal statute and harm suffered is one of fact only if a finding of such connection is rationally permissible. [435]

TORT. Writ in the Superior Court dated January 7, 1960.

The action was tried before *Beaudreau, J.*

*Thomas B. Shea* for the plaintiff.

*Gael Mahony* for the defendant.

SPALDING, J. This is an action of tort for personal injuries suffered by Richard F. Falvey, a minor, by reason of the alleged negligence of the defendant. The case was referred to an auditor who found for the defendant. Thereafter the case was tried to a jury on the auditor's report and other evidence, and the jury returned a verdict for the plaintiff, which was recorded under leave reserved. On motion of the defendant the judge entered a verdict for the defendant, subject to the plaintiff's exception, and the correctness of this action is the sole question presented.

The evidence may be summarized as follows. At the time of the accident, August 5, 1957, the plaintiff was six years of age. The accident occurred on Massachusetts Avenue, Boston, between Albany Street and the corner of Columbia Road which is known as Edward Everett Square. Massachusetts Avenue is fifty feet wide from curb to curb and runs north and south. The accident happened at some time between 5:35 and 6:15 P.M. It was daylight, the weather was clear, and the surface of the street was dry. According to the plaintiff's witnesses the accident occurred at a point opposite No. 1277 Massachusetts Avenue, which is on the west side of the avenue. Edward Everett Square is about one hundred feet to the south of No. 1277. Traffic at the square is controlled by traffic lights. The time of the accident was described as a "rush hour" and the traffic was "heavy"; there were "long lines of traffic."

Just prior to the accident the plaintiff had been playing with one of his brothers and some other boys in a yard opposite No. 1277 on the east side of the avenue. While so engaged, two older brothers of the plaintiff (Daniel and Robert) drove up in a truck and parked near the curb on the west side of the street in front of No. 1277. Robert attracted the attention of his brothers and "motioned to them . . . to come across the street." At the time Robert gave the signal there were two lines of standing traffic on the west side of Massachusetts Avenue, but there was no northbound traffic on the east side of the avenue. At the place opposite No. 1277 there was a "space between the two cars [which] was three-fourths of a length to a car's length." Upon receiving the signal from his brother, the plaintiff proceeded to cross the street. He passed beyond the center line which was twenty-five feet from the curb and then went between two cars in the first line of traffic and upon reaching a point about five feet beyond these cars, according to the testimony of one of the brothers, the plaintiff was struck by the "middle front of the defendant's car" and was thrown forward about ten feet.

There was evidence from other witnesses that the plaintiff ran into the side of the left front fender. The defendant testified that he had stopped his car because the traffic light at Columbia Road was red and when it changed to green he started his car. After he had traveled about ten feet he "heard a thud on the side of the car." At that time his car was traveling about ten miles an hour. The defendant had driven on Massachusetts Avenue many times prior to the accident and knew that it was a "thickly settled neighborhood" in which there were "numbers of children." The defendant admitted that the automobile involved in the accident was owned by him but that it was registered in his father's name.

The defendant's automobile, since it was not registered in the name of the owner, was illegally registered, and was being operated at the time of the accident in violation of law. G. L. c. 90, §§ 2, 9. *Capano* v. *Melchionno,* 297 Mass. 1, 10.

The defendant does not contend otherwise. Since the accident occurred before St. 1959, c. 259, amending G. L. c. 90, § 9, which abolished the trespasser doctrine laid down in *Dudley* v. *Northampton St. Ry.* 202 Mass. 443, the prior law must apply. *Ostertag* v. *Cahalin,* 343 Mass. 523.

The plaintiff argues that the fact that the defendant was driving an illegally registered car taken together with the evidence showing the manner of its operation at the time of the accident was sufficient to take the case to the jury on the issue of negligence. The plaintiff's declaration was based not on illegal registration but on negligence. In these circumstances, as the plaintiff concedes, illegal registration can be treated only as evidence of negligence. *Puro* v. *Keikkinen,* 316 Mass. 262, 266. *Dean* v. *Leonard,* 323 Mass. 606.

We shall discuss first whether apart from the question of illegal registration there was sufficient evidence of negligence to take the case to the jury. We are of opinion that there was not. The speed (five to ten miles an hour) was not excessive. There was evidence that the defendant's car traveled no more than ten feet before the plaintiff was struck. There was no evidence that the defendant could have seen the plaintiff for more than an instant, if at all, before the impact. That the plaintiff was thrown ten feet when struck is in the circumstances not sufficient to establish negligence.

Although the case appears to have been tried below on the theory that the defendant's car was in the right hand lane at all relevant times, the plaintiff in this court suggests a different theory. The defendant put in evidence the deposition of one John W. Martin, a taxi driver, who was an eyewitness to the accident. He testified that the defendant's car was directly in front of his at the time of the accident and that both cars were in the lane nearer the center of the street. The plaintiff argues that the jury could accept portions of Martin's testimony for the purpose of finding that the defendant was in the left-hand line of traffic at first and reject other portions so as to find that the defendant changed to another line of traffic before the accident. We

are of opinion that to fragmentize Martin's testimony in this way would distort it.   See *Berardi* v. *Menicks,* 340 Mass. 396, 400.   Moreover, we fail to see how a change in lanes on the part of the defendant, if there was one, would make the plaintiff's case any stronger on the issue of negligence.

It remains to consider whether the defendant's violation of law involved in his operation of an illegally registered car was sufficient to take the case to the jury.   The doctrine that violation of law is negligence per se does not prevail in this Commonwealth.   *Wynn* v. *Sullivan,* 294 Mass. 562, 566. *Richmond* v. *Warren Inst. for Sav.* 307 Mass. 483, 485. *Dean* v. *Leonard,* 323 Mass. 606, 608.   In a long line of cases it has been said that the violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent.   This rule is so well established that a few citations will suffice.   *Bourne* v. *Whitman,* 209 Mass. 155, 166–167.   *Kenyon* v. *Hathaway,* 274 Mass. 47. *Milbury* v. *Turner Centre Sys.* 274 Mass. 358.   *Noble* v. *Boston Elev. Ry.* 287 Mass. 364, 367.   *Baggs* v. *Hirschfield,* 293 Mass. 1, 3.

The defendant in operating an illegally registered automobile at the time of the accident was violating a penal statute.   G. L. c. 90, §§ 9, 20.   Although it is not easy to reconcile all that has been said in our cases concerning the effect of illegal registration where negligence only is involved, it must be taken to be settled now that the effect of illegal registration in such a case is that the violation of law is treated in the same way as other violations of penal statutes.   In other words, it is not negligence per se but only evidence of negligence.   This was made clear in *Dean* v. *Leonard,* 323 Mass. 606, where the court said at page 609, "When violation of law is not pleaded, and the jury are instructed upon negligence only, in accordance with the pleadings . . ., we think the case should be dealt with like other negligence cases . . .."   In that case under the defence of contributory negligence an instruction was upheld that illegal registration could be considered as evidence of the plaintiff's negligence and that the jury could determine whether the

violation was a cause or condition. The same principle would be applicable in establishing negligence on the part of a defendant. *Baggs* v. *Hirschfield,* 293 Mass. 1, 2–3. To say that the violation of law involved in operating an improperly registered automobile is evidence of negligence does not necessarily mean that there is a case for the jury. There is still the question of causation to consider. The question of lack of causation as matter of law was not before the court in the *Dean* case, *supra,* but is squarely presented here.

Negligence does not operate in a vacuum. Legal consequences result from it if, but only if, the negligence is causally related to the harm complained of. As we said in *Baggs* v. *Hirschfield, supra,* at p. 3, ''Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury.''

The defendant argues that the defendant's violation of law cannot be considered as evidence of negligence because it had no causal relation to the accident. We are of opinion that there is merit in this contention. We fail to see any causal relation between the illegal registration and the accident. It was merely an attendant circumstance or condition; it did not contribute to the accident. Of course it might be argued that but for the violation of law the car would not have been on the road and hence would not have been involved in the accident. But that can hardly be treated as a cause in the legal sense. The accident could just as well have happened had the car been legally registered. Questions of causation arising out of the violation of a penal statute are often questions of fact but they are such only where a finding of causal connection between the violation and the harm suffered is rationally permissible. Where it is not, the question ceases to be one of fact. *Falk* v. *Finkelman,* 268 Mass. 524, 527. *Bartoszewicz* v. *Farashian,* 284 Mass. 200, 204–205. *Kelly* v. *Hathaway Bakeries, Inc.* 312 Mass. 297, 299. *Kralik* v. *LeClair,* 315 Mass. 323, 328. *Lockling* v. *Wiswell,* 318 Mass. 160, 165. *Deignan* v.

*Lubarsky,* 318 Mass. 661, 664. That, we think, is the situation here.

We are not to be understood as condoning violations of the registration laws. They are of importance in the proper administration of our motor vehicle laws. For their violation criminal sanctions are provided. But it is one thing to punish the offender and quite another to attach civil consequences to the violation in circumstances where under settled principles of tort law no liability exists.

It follows that the judge did not err in entering the verdict for the defendant under leave reserved.

*Exceptions overruled.*