Lindgren *v.* Marraffa.

━━━━━

GERTRUDE E. LINDGREN, administratrix, *vs.* DOMENIC R. MARRAFFA & another (and a companion case[1]).

Essex.    February 8, 1966. — March 8, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Motor vehicle, Contributory. *Proximate Cause.*

In the circumstances of a collision between a tractor-trailer proceeding westerly on a highway divided by an island and an automobile which

---

[1] Gertrude E. Lindgren, administratrix, *vs.* Ralph E. Burchstead & another. In the first action, one count was against Marraffa (the driver) and another against Berke Moore Company, Inc. (his employer). In the second action, one count was against Burchstead (the driver) and another against Frank W. Edmands, Inc. (his employer). In both actions two other counts were discontinued.

turned into a crossover in the island from the eastbound lane and continued on into the westbound lane as if it were "going . . . straight across the road and not even turning in," alleged negligence of the driver of the tractor-trailer through excessive speed could not properly be found to have been a contributing cause of the collision where it was not shown that if the tractor-trailer had been proceeding at proper speed its driver could have foreseen the course taken by the automobile in time to avert the collision.   [378]

On evidence that at night the driver of an unlighted motor truck turned from the eastbound lane of a highway divided by an island into a crossover in the island and stopped with several feet of its rear end extending into the eastbound lane, and that an automobile following the truck passed the truck, turned into the crossover and continued on into the westbound lane as if it "was going . . . straight across," and was struck there by a tractor-trailer proceeding westerly, it was held that a finding of negligence on the part of the truck driver was warranted, that an inference was warranted that the operator of the automobile lost control of it in avoiding a collision with the truck and was not guilty of contributory negligence, and that a finding that the truck driver's negligence was a proximate cause of the collision between the automobile and the tractor-trailer was warranted.   [379]

TWO ACTIONS OF TORT.   Writs in the Superior Court dated August 24, 1962.

The actions were tried before *Spring, J.*

*John A. McNiff* for the plaintiff.

*Edward R. Butterworth* for the defendants Domenic R. Marraffa & another.

*Andrew R. Linscott* for the defendants Ralph E. Burchstead & another.

SPIEGEL, J.   These are actions of tort for the death of the plaintiff's intestate allegedly resulting from the negligent operation of the defendants' motor vehicles.   The cases were tried together before a jury in the Superior Court.   Upon conclusion of the evidence, the trial judge allowed motions by the defendants for a directed verdict to which the plaintiff excepted.

We summarize the evidence most favorable to the plaintiff.   The defendant Marraffa was driving a truck eighteen feet in length.   He waited in a crossover to move into the line of westbound traffic.   The crossover was an opening of nearly sixty-nine feet in the sixteen foot wide grass island which divided a four lane highway.   Marraffa "had known

this was a bad area," and "looked back to make sure that the very rear of the truck wasn't extending out into the traveled way . . . because he thought it was the thing to do." Nevertheless, the rear of the truck extended four feet into the left lane of eastbound traffic; and, although it was dark, the lights of the truck were not on. Lindgren, the plaintiff's intestate, was proceeding east in the left lane behind the car of one Pollard who was in the right lane. Fifty feet before reaching the crossover Pollard slowed down and "half of his car got into the breakdown lane." Lindgren then applied his brakes and his car began to swerve. It went beyond Marraffa's truck and turned into the crossover. At that point a tractor-trailer driven by Burchstead on the westbound lane was forty-two feet from the crossover. As Lindgren's car entered the crossover, it rose up "as if he hit the corner of the island" and went through "as if he was going . . . straight across the road and not even turning in." It continued on into the westbound lane, where it collided with the tractor-trailer. Burchstead's speed was between thirty-five and forty miles an hour although a sign stating "Construction ahead 25 miles an hour" was placed some eighty-six feet east of the crossover. The construction was 2,200 feet to the west.

The plaintiff contends that Burchstead was proceeding at an excessive speed and could have avoided the accident had he been driving "more slowly or more alertly." But there is nothing in the record to show that had Burchstead been traveling at twenty-five miles an hour he could have seen, in time to avert the collision, that Lindgren was going to come straight through the crossover. See *Rizzittelli* v. *Vestine,* 246 Mass. 391, 392; *Lynch* v. *Krancer,* 302 Mass. 593, 595; *Dunsmoor* v. *Cowdrey,* 316 Mass. 516, 519; *Luvera* v. *DeCaro,* 317 Mass. 222, 224; *Falvey* v. *Hamelburg,* 347 Mass. 430, 433. "Negligence . . . is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield,* 293 Mass. 1, 3. *Falvey* v. *Hamelburg, supra,* at p. 435. There was no error in directing verdicts for Burchstead and his employer, Frank W. Edmands, Inc.

The plaintiff also contends that Marraffa was negligent in obstructing a portion of the passing lane with an unlighted vehicle. Marraffa and his employer, Berke Moore Company, Inc. contend that there was no evidence that the truck was unlighted. They argue that testimony by Pollard that he did not notice any lights and did not look to check the lights fails to prove that the lights were not on. The record shows, however, that the defendants asked Pollard the following question: "You mean to say that whether or not you didn't see them [the lights] or not is the same as saying they were not on?" Pollard replied, "Yes." Thus there was sufficient evidence for a jury to find that the truck lights were not on. The obstruction of a traffic lane by an unlighted vehicle in the dark could be found to be negligent. *Jacobs* v. *Moniz,* 288 Mass. 102, 104. *Baggs* v. *Hirschfield,* 293 Mass. 1, 2–3. *Feaver* v. *Railway Exp. Agency, Inc.* 324 Mass. 165, 167.

Marraffa and Berke Moore also contend that Lindgren was contributorily negligent as a matter of law. Only in rare cases can it be ruled as a matter of law that the burden of proving contributory negligence can be sustained. *Joyce* v. *New York, N. H. & H. R.R.* 301 Mass. 361, 363. *Summering* v. *Berger Realty, Inc.* 344 Mass. 38, 42. "[W]here on all the facts, more than one inference rationally may be drawn, it is a question of fact and cannot be ruled as matter of law." *Mercier* v. *Union St. Ry.* 230 Mass. 397, 404. *Joyce* v. *New York, N. H. & H. R.R., supra.* On the facts in the instant cases, the jury could infer that there was no contributory negligence on the part of Lindgren, and that he lost control of the car as a result of an attempt to avoid colliding with Marraffa's truck. On the evidence the jury could find that Marraffa's negligence was the proximate cause of the accident. See *Stamas* v. *Fanning,* 345 Mass. 73, 77.

In the case against Burchstead and Frank W. Edmands, Inc. the exceptions are overruled. In the case against Marraffa and Berke Moore Company, Inc. the exceptions are sustained.

*So ordered.*