FAYE HULLUM *vs.* COMMONWEALTH. January 9, 1986. *Compensation of Victims of Violent Crimes. License.*

On September 28, 1980, the plaintiff, Faye Hullum, was attending a party in Mattapan when she became engaged in an argument with Lawrence Haywood. Haywood drew a revolver and shot the plaintiff, wounding her in the right thigh and fracturing her right femur. A Suffolk County grand jury subsequently indicted Haywood for the shooting. The plaintiff filed a claim for compensation as a victim of violent crime in Dorchester District Court under G. L. c. 258A, § 2 (1984 ed.).

After trial, the judge found for the plaintiff, and the Commonwealth claimed a report to the Appellate Division for the Northern District. G. L. c. 231, § 108 (1984 ed.). The Appellate Division affirmed the award and dismissed the report. The Commonwealth appeals this ruling. G. L. c. 231, § 109 (1984 ed.).

Prior to the criminal assault, the plaintiff had been working as a beautician and manicurist in a beauty salon in Dorchester. She did not have a valid license from the Board of Registration of Hairdressers, as required by law. See G. L. c. 112, §§ 87T-87KK (1984 ed. & Supp. Nov., 1985). Due to her injuries, the plaintiff was able to work only part time at the salon for a period of six months following the shooting. The trial judge awarded the plaintiff $2,300 as compensation for lost earnings, minus attorney's fees, ruling that the fact that the plaintiff was not licensed to practice hairdressing did not bar her recovery.

The sole issue on appeal is whether, under G. L. c. 258A, the plaintiff is entitled to compensation for earnings lost as a result of the injuries she sustained as a victim of violent crime when those earnings would have derived from her employment as an unlicensed hairdresser.

General Laws c. 258A provides for compensation to victims injured by violent crimes in the Commonwealth for "out-of-pocket loss, together with loss of earnings or support resulting from such injury." G. L. c. 258A, § 5 (1984 ed.). It is uncontroverted that the plaintiff suffered a loss of earnings as a result of her injuries. Neither G. L. c. 258A nor public policy mandates that she be denied recovery because she did not have a valid hairdressing license. While we do not condone the plaintiff's violation of the licensing statute and recognize that it serves an important function by protecting the public from inexperienced or unqualified beauticians, there are specified sanctions for license violations which serve to vindicate the policies embodied in that statute.[1] As the Appellate Division stated, "It is one thing to punish the offender and quite another to deprive a victim of violent crime of the available benefits simply because of lack of a valid license, especially when the injuries suffered by the victim are totally unrelated to the victim's employment."

---

[1] General Laws c. 112, § 87II, provides that whoever engages in the occupation of hairdressing or manicuring without being duly registered by the Board of Registration of Hairdressers shall "be punished by a fine of not more than one hundred dollars."

We find it persuasive that, in the related tort context, a plaintiff's violation of a criminal law is evidence of negligence only as to the consequences the statute was intended to prevent. See *Baggs* v. *Hirschfield,* 293 Mass. 1, 3 (1935). A statutory violation cannot be considered as evidence of negligence unless there is a causal relationship between the violation and the harm suffered. *Falvey* v. *Hamelburg,* 347 Mass. 430, 435 (1964). "We fail to see any causal relation between the [plaintiff's failure to be licensed] and the [injury]. It was merely an attendant circumstance or condition; it did not contribute to the [injury]." *McCarthy* v. *Boston City Hosp.,* 358 Mass. 639, 647 (1971), quoting *Falvey* v. *Hamelburg, supra.*

*Order of Appellate Division dismissing report affirmed.*

*Cynthia A. Canavan,* Assistant Attorney General, for the Commonwealth.
*Martin Kantrovitz* for the plaintiff.