Crimmins, J.
This is an action in negligence to recover for injuries sustained when police forcibly entered plaintiff’s apartment while conducting a drug raid of her landlord’s apartment. The trial judge found for the plaintiff and awarded damages in the sum of $22,500. The defendant filed a timely appeal under Dist./Mun. Cts. R. A. D. A, Rule 8C. On appeal the defendant argues that her failure to register plaintiff’s apartment with the local authorities did not proximately cause the plaintiffs injuries.
We agree and determine there was error.
Because the trial judge did not make any findings of fact our review is limited to whether a finding for the plaintiff can be sustained by any reasonable view of the evidence. Heil v. McCann, 360 Mass. 507, 511 (1971). At trial it was stipulated that defendant owns the premises located at 324 Forest Avenue in Brockton and that the property was not registered as a two-family dwelling with the City of Brockton. Viewing the evidence in a light most favorable to the plaintiff, the trier of fact could have reasonably inferred the following:
At the time of the incident, plaintiff and her small child lived in the back area of the house and defendant’s son, Autillo Burgo (hereinafter “Burgo”), occupied the front. On March 7,1994, the police executed a search warrant for 324 Forest Avenue as part of their investigation into Burgo’s alleged drug dealing. During the raid the police forcibly entered the plaintiff’s apartment. Two police officers testified that they understood the house to be a single family residence. However, upon opening what they originally thought was a closet door, the police found the entrance to the plaintiff’s apartment. After briefly knocking, the police broke down the door and entered plaintiff’s apartment with their guns drawn. Once the police realized that the plaintiff s apartment was not part of their search they retreated to Burgo’s apartment. The plaintiff filed suit against the defendant alleging defendant *25 was negligent in failing to register the apartment with the local authorities.
1. In an action for negligence the plaintiff is required to prove that defendant owed her a duty, breached that duty and such breach resulted in her injuries. See Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st Cir. 1990) (applying Massachusetts law). The plaintiff’s contention at trial was that the defendant’s negligence was based upon a violation of a municipal ordinance. It is well settled that a municipal ordinance or town by-law is not a proper subject of judicial notice, but must specifically be put into evidence unless stipulated by the parties. See Warren v. Zoning Board of Appeals of Amherst, 383 Mass. 1, 8 (1981). Neither the record appendix nor the briefs refer specifically to any statute or ordinance the defendant is alleged to have violated. A review of the transcript does not show that a particular statute was called to the trial judge’s attention. We cannot consider an ordinance or by-law unless it was entered into evidence. Id. Because the alleged violation of the ordinance appears to be the sole basis of plaintiff’s allegation of negligence and this ordinance is not before us, there is no evidence to support a finding of negligence.
2. Even if we were to assume that the defendant did violate an ordinance, plaintiff has not shown that she is within the class of persons the ordinance was enacted to protect. Gaw v. Hew Const. Co., 300 Mass. 250 (1938) (violation of a statute or ordinance is some evidence of negligence as to all matters the law was intended to prevent). Thus, without any evidence that the plaintiff suffered harm that the ordinance was enacted to prevent, the ordinance violation cannot be properly considered as evidence of negligence.
3. Further, if we did take the defendant’s violation of an ordinance as some evidence of negligence the plaintiff has the additional burden of proving a causal relationship between the violation and the harm suffered. Fahey v. Hamelburg, 347 Mass. 430, 435 (1964). Questions of causation arising out of a violation of a penal statute or ordinance are questions of fact only where a finding of causal nexus is rationally permissible. Where such finding is not, the question is one of law. Id.
We are persuaded that there was no causal nexus between failure to register the apartment and the injuries incurred by the plaintiff. It was merely an attendant circumstance or condition; it did not contribute to the injury. Proximate cause requires the plaintiff to show: (1) that the injury was a foreseeable consequence of the defendant’s negligence; (2) that “but for” the defendant’s negligence the loss would not have occurred; and (3) that the defendant’s negligence was a substantial factor in bringing about the loss. Jorgensen, supra, at 522-23. There is no evidence that the defendant knew or should have known of criminal activity at the house or that a police raid should have been anticipated by the defendant. Hence, there is an insufficient factual predicate for a finding of liability on the part of the defendant.
The judgment for the plaintiff is vacated. Judgment is to enter dismissing the complaint on the merits.
So ordered.