GLADNEY, Judge.
Appellant’s action seeks to recover automobile property damages of $630.85 inflicted upon her Oldsmobile when while being driven by her daughter, Dorris Jean Pine, it was struck in the right rear end by the left front of a 1947 Ford being driven on an emergency, call by Webb Edmonds, the town marshal of Campti, Louisiana.
The record shows on August 9, 1952, Edmonds, accompanied by L. O. Hawkins, was hurrying southward on U. S. Highway 71 at a speed of approximately fifty miles per hour, with his siren sounding, when he observed the Pine car ahead proceeding about thirty miles per hour on the right side of the highway in the same direction. As he approached the forward vehicle he noticed it slow down and without indicating hand signal turn to the right onto the parking apron in front of the Campti Liquor Store. Edmonds testified, as did Hawkins, that Edmonds slowed his speed to about thirty miles per hour and when Miss Pine had almost cleared the pavement he again accelerated his speed and was nearly fifty feet from the Oldsmobile when its driver pulled back to the left as if to re-enter the highway. Because of the approach of an oncoming car with a “V” emblem on its front, he avers the maneuver of Miss Pine prevented his passage to the left and he attempted to pass on the right side over the parkway. Unable to successfully accomplish this the collision occurred.
Actionable negligence is attributed to Edmonds for excessive speed, failure to maintain a proper lookout, and driving with defective brakes. Besides a general denial, defendant alternatively pleads contributory negligence on the part of Miss Pine as a bar to recovery by plaintiff in that she failed to comply with the provisions of LSA-R.S. 32:238, subd. A, of the Motor Vehicle Act requiring forward vehicles to pull to the right-hand edge of the highway upon approach of an emergency vehicle; secondly, that she failed to signal a right turn before she turned off the highway, and finally, her turn to the left to re-enter the pavement precipitated the accident.
The trial court rejected plaintiff’s demands, finding, so we are informed by counsel in brief, that neither driver was guilty of negligence.
*320 As we turn to the question of Ed-monds’ negligence we confess we are not impressed he should be held liable for excessive speed or for failure to maintain a proper lookout. The testimony of all witnesses uniformly established that the speed of the emergency vehicle was not in excess of fifty miles per hour. Traffic along the highway was not shown to be heavy. Accordingly, we are of the opinion that Ed-monds’ speed was not such a reckless act as to forfeit the exemption accorded him by LSA-R.S. 32:230:
“The speed limitations of this Chapter do not apply to police vehicles, fire engines, and ambulances operated in emergencies and with due regard for safety. But no owner or operator of such vehicles is protected from the consequences of a reckless disregard of the safety of others.”
Nor are we impressed with the charge the marshal was not maintaining a proper lookout. This inference is based upon Edmonds’ testimony that as he was nearing the Pine car he could see the “V” on the front of the oncoming car and, therefore, he was not duly observant of the automobile being driven by Miss Pine. The fallacy of this contention lies in the obvious fact both cars were directly in front of Edmonds and within a narrow range of vision. He could not have seen one without seeing the other.
The third specification of defective brakes is conclusively shown. State trooper Brasher testified on two occasions, and nowhere in the record is there contradiction, that he examined the brakes of the Ford immediately after the accident and stated: “He (Edmonds) had no brakes.” This testimony is sufficient proof the condition existed prior to the accident unless the contrary be shown. No such explanation was offered. Hence, Edmonds must be held for damages unless plaintiff’s right to recovery is barred by reason of the contributory negligence of Miss Pine.
Her negligence, as above stated, was alleged to be: first, non-compliance with LSA-R.S. 32:238 subd'. A, which provides:
“Upon approach of any police or fire department vehicle, or hospital ambulance, giving audible signal by an appropriate device, the driver of every other vehicle shall immediately drive to a position as near as possible and parallel to the right hand side of the highway, clear of any intersection, and shall stop and remain there, unless otherwise directed by police or traffic officer, until the police or fire department vehicle or hospital ambulance shall have passed.”
second, that she failed to signal a right hand turn as she left the highway in front of the Campti Liquor Store; and third, that Miss Pine precipitated the accident when she turned left after leaving the highway and thus blocked Edmonds’ passage to her left.
We pass over the first two charges with the brief comment that neither of the acts complained of contributed to the accident. This is true because Edmonds testified he had slowed his car and brought it under control when Miss Pine was turning to the right.
It is clear from the record, so we believe, that Miss Pine can only be held guilty of fault if she made the turn to the left as charged.
Our inquiry can more properly be directed toward the determination of whether the impact occurred before the Pine car turned to the left, as it is conceded that after the impact the Oldsmobile was given great impetus from the force of the blow which caused it to move forward and come to rest on the left side of the highway. Corroborating the testimony of Ed-monds and Hawkins that Miss Pine did make a left turn before the impact is that of Willie Mitchell who says he observed this maneuver from .a position about one hundred yards south of the scene of the accident. We cannot believe the witness could have made this careful observation from such a distance since he was in front of both cars and the collision involved the rear of the forward car. Brasher, the state trooper, expressed the opinion from *321 the witness stand that Miss Pine attempted to turn left before she was struck. His testimony is refuted by his original report of the accident and which we think truly reflected the situation.
Miss Pine flatly denied making a maneuver to the left. She says she was in the act of turning right when her car was hit. L. A. Cloutier testified in like manner. Miss Pine’s mission was to discharge her passenger, Mr. Cloutier, at the Campti Liquor Store so he could fill a luncheon engagement. As the impact occurred to the north side of the liquor store her destination had not been reached at the time of the impact. The liquor store was some twenty feet west of the highway. With these circumstances in mind we cannot think of any motive of Miss Pine for making a left turn, and the record does not supply any. It is notable also that John Hardee, a witness called by the defendant, said that immediately following the accident, Mr. Edmonds told him:
“ * * * he was going down the road trying to catch some drunk ne-groes and Mrs. Pine’s car was pulling off the road and there was another oncoming car meeting them and they couldn’t pass between them and they pulled to the right and tried to go to the right.”
The report of J. R. Brasher, state trooper, made immediately after his appearance on the scene of the accident, in which report he referred to vehicle No. 1 as the Pine car and vehicle No. 2 as the marshal’s car, contains the following statement:
“Veh. No. 2 (City Marshal of Campti) was in pursuit of drunk driver going at a rapid rate of speed when Veh. No. 1 started to turn off at Camp-ti Liquor Store at a low rate of speed, not giving signal. Veh. No. 2 wa9 attempting to pass on wrong side because of oncoming traffic, hitting Veh. No. 1 in the rear and as Veh. No. 1 proceeded to turn. Then Veh. No. 2 glanced and hit Vehicle No. 3 (a parley ed car.) on right front fender. It is believed that Veh. No. 2 had defective brakes although brakes could have been demolished by the impact. Driver of Vehicle No. 1 failed to give a signal upon turning. Shoulder on right going south was approximately 20 feet wide.”
It is our conclusion the car driven by Miss Pine was struck as she turned right off of the highway and that the proximate cause of the accident was the negligence of the defendant in driving his car without proper brakes. Our findings absolve Miss Pine from negligence.
It follows, therefore, that the judgment from which appealed must be reversed and it is now ordered, adjudged and decreed that there be judgment in favor of Mrs. Lucille Pine and against Webb Edmonds in the full sum of $630.85 with interest at 5% from judicial demand, together with all costs including costs of this appeal.