REGAN, Judge.
Plaintiff, Ernest C. Mayfield, a motorcycle patrolman, instituted this suit against the defendants, Mrs. Blaise Carriere, the operator of a Ford automobile, her husband, the owner thereof, and Travelers Indemnity Company, their insurer, endeavoring to recover the sum of $20,140 for the loss of present and future earnings and personal injuries incurred by him on January 9, 19S4, at 11:30 P.M. when, in order to avoid colliding with the defendants’ car, which executed an unexpected maneuver, he was compelled to swerve to the right thereof and into a parked vehicle owned by Malgram L. Carswell.
The defendants answered and generally denied that Mrs. Carriere was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of the plaintiff. In order to avoid the repetitious designation of parties defendant, we shall hereinafter refer to Mrs. Car-riere as the defendant.
Malgram L. Carswell intervened and prayed for judgment in solido, in the amount of $106.20, against both the plaintiff and defendants for property damage incurred by his parked vehicle.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans, intervened and requested that in the event of the rendition of judgment in favor of plaintiff, it have judgment in solido against the plaintiff and defendants in the amount of $359.20, together with attorney’s fees.
There was judgment in favor of the defendants dismissing plaintiff’s suit and the intervention of the Charity Hospital. There was an additional judgment in favor of Carswell, the intervenor, and against the plaintiff, in the sum of $106.20. From this judgment only the plaintiff has prosecuted an appeal.
The record reveals that the plaintiff was employed by the City of New Orleans, as a motorcycle traffic patrolman, whose “beat” encompassed S. Carrollton Avenue, between Washington and Claiborne Avenues. On the night of January 9, 1954, at 11:30 P.M., he observed defendant’s vehicle emerge from Walmsley Drive and enter the left traffic lane of S. Carrollton Avenue moving in the general direction of Washington Avenue at what he considered to be an excessive rate of speed. He “set” his speedometer at thirty miles per hour (the legal rate of speed at that time) in order to “clock” her rapidity of movement and then “tailed” defendant’s car until he had attained a position abreast of the right rear *561 fender. As the two vehicles approached and crossed the railroad tracks which traverse S. Carrollton Avenue, they mutually decreased their speed which resulted in plaintiff moving about ten or twelve feet to the rear of defendant’s car. Thereafter plaintiff began to gain on defendant until he was once more abreast of the right rear fender of her car. At this moment the -defendant was confronted by an object about six feet long and about two feet high (which later was revealed to be an abandoned Christmas tree) lying in her path. She quickly looked into her rear view mirror to ascertain if there was any reason to prevent her from gradually turning to the 'right side of the roadway in order to avoid this obstacle and, as she executed this maneuver, she caused the plaintiff, who was riding his motorcycle abreast of her right rear fender, although she could not see him, to likewise turn to the right and collide with a car parked on a forty-five degree angle facing the sidewalk of S. Carrollton Avenue and adjacent to what has been designated as the'Colonial Bar & Restaurant. The injuries to the plaintiff and property damage incurred by the parked automobile owned by the intervenor are the subject matter of this litigation.
The plaintiff insists that the lower court erred in failing to conclude that the actions of the defendant constituted negligence which was the proximate cause of plaintiff’s injuries or, alternatively, that the defendant had the last clear chance to avoid the accident.
On the other hand, the defendant maintains that the sole cause of the accident was the negligence of the plaintiff in “tailing” the automobile of the defendant too closely and in failing to make his presence known.
The principal question posed for our consideration is one of fact and that is whether the actions of the defendant constituted negligence under the circumstances outlined hereinabove ?
The trial judge answered this question in the negative and our examination of the record fails to disclose any error in his conclusion. He was of the opinion that:
“* * * the action of Mrs. Carriere was not unreasonable under the circumstances. She was confronted, after coming over the rise of the railroad tracks, with an object in the roadway. She testified that she looked in her rear view mirror and saw nothing. Had she used a signal of the left hand, the officer could not have seen it because he was in a blind spot on the right of the car to the rear. She pulled from the left over to the right, to avoid hitting the object in the roadway. The officer did not run into the car driven by Mrs. Carriere, but he swerved to the right and ran into the parked car at a 45 degree angle on the curb, and injured himself.
“It is the opinion of the Court that the plaintiff in this case was driving his motorcycle in a position of peril and danger, and that through his own negligence/ he was injured, in following the car too closely to its rear, even though he was somewhat to its right, without making his presence known.”
 The whole tenor of the record convinces -■ us that the plaintiff was exerting every effort to effectively conceal his presence to the immediate right rear of defendant’s car in anxious and zealous anticipation of what he erroneously believed to be an impending violation of the speed limit. The very nature of this surreptitious effort to conceal both his motorcycle and himself too close to the rear of defendant’s car was the proximate cause of his injuries.
However, even if we should assume arguendo, that both plaintiff and defendant were negligent, a view which plaintiff believes to be most favorable to his case, we are then of the opinion that the defendant did not possess the last clear chance to avoid injuring plaintiff since she was unable to. discover, by the exercise of due diligence, his. presence or position of peril because he had successfully concealed himself.
*562 The intervenor, Carswell, has adequately proven the damages sustained by his car as a result of the collision.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.