108 So.2d 256 (1958)
Howard H. WILEY, Plaintiff-Appellee,
v.
Niles and Margaret SUTPHIN, Defendants-Appellants.
No. 8930.
Court of Appeal of Louisiana, Second Circuit.
December 19, 1958.
Rehearing Denied February 2, 1959.
*258 George J. Ginsberg, Alexandria, for appellants.
Holt & Holt, Alexandria, for appellee.
AYRES, Judge.
This action in tort results from a collision between the automobile of plaintiff, the marshal of the City of Pineville, and the Pontiac automobile owned by the defendant, Niles Sutphin, and driven at the time by his wife, Margaret Sutphin, the other defendant. Plaintiff seeks to recover damages for personal injuries in the sum of $475 and property damage to his automobile in the sum of $125. Defendants denied liability and reconvened for damages for personal injuries sustained by Mrs. Sutphin in the sum of $1,000 and property damage to the Sutphin automobile in the sum of $239.11. The trial court obviously concluded that Mrs. Sutphin was guilty of negligence constituting the sole proximate cause of the accident in awarding plaintiff judgment against the defendants, in solido, for damages for personal injuries in the sum of $250 and property damage to the automobile as prayed for and in rejecting defendants' reconventional demands. From the judgment thus rendered and signed, defendants appealed suspensively and devolutively to this court.
The accident occurred in the 1100 block of Main Street, a concrete paved main thoroughfare of the City of Pineville, 42 feet in width. There is no showing of any unusual atmospheric or weather conditions prevailing at the time of the occurrence of the accident about 10:30 o'clock A. M. February 2, 1958. Plaintiff was driving in a northerly direction some 300 yards to the rear of a police car responding to a fire alarm. Mrs. Sutphin, accompanied by an out-of-town guest, Mrs. Mary Evelyn Hafner, was proceeding in a southerly direction from her residence to Alexandria where Mrs. Hafner was to board a plane for her residence in Cincinnati.
Mrs. Sutphin is charged with negligence in violating an ordinance of the City of Pineville requiring the drivers of all vehicles, when approached by any fire or police vehicles or ambulances upon which *259 sirens are being sounded, to proceed to the curb, stop and remain there until the sirens had stopped. Additional negligence charged is her alleged failure to keep a proper lookout or to accord the right of way to plaintiff's official vehicle. Counter charges of negligence are made against plaintiff in that he was operating his automobile at an excessive rate of speed and in his failure to keep a proper lookout or to have his vehicle under proper control.
A careful review of the record discloses these facts were either not controverted or were established by the evidence. In proceeding toward Alexandria and after passing through an underpass beneath the L. & A. Railroad, Mrs. Sutphin heard a siren, whereupon she pulled to the right, stopped and awaited the meeting and passing of an automobile, evidently the Fire Chief's car going to a fire. After the passage of this car, Mrs. Sutphin started her own car and directed it to the left of a car parked ahead of her car at the curb and immediately to the rear of another car likewise headed in a southerly direction toward Alexandria stopped in the inner lane of the two right-hand lanes of the street. When the left front of her car neared the center of the street, she heard another siren. Although she could not readily detect the direction from which it was coming, she presumed the car, which had just passed, was returning. Nevertheless, she stopped, being unable to reach the curb to her right because of the car stopped in front and cars parked alongside the curb. This second siren was from the marshal's car. According to the testimony of Mrs. Sutphin and that of her companion, her car had been stopped for some appreciable time, perhaps several seconds, awaiting the meeting of this automobile, which could be seen approaching from as far away as the top of the next hill, established to have been 1,150 feet distant. The left front of defendants' car was shown to have protruded at an angle a distance of approximately 22 inches beyond the center line of the street and into plaintiff's lane of travel. Almost even with defendants' car was a Chevrolet pickup truck parked parallel alongside the east curb of the street, that is, to plaintiff's right. Plaintiff contends that his passage was blocked by defendants' car. The physical facts disprove this contention. As stated heretofore, the street at the scene of this accident was 42 feet wide. The Chevrolet truck had a width of 6 feet, 3 inches and, according to the testimony, was parked not more than a foot from the curb. The distance thus consumed of not more than 7½ feet, plus the approximate 2 feet defendants' car extended beyond the center line, subtracted from ½ the width of the street, leaves a space of approximately 11½ feet, through which plaintiff may have safely passed. His car was shown to have a width of 6 feet.
Plaintiff's testimony is that, although he was traveling only 40 miles per hour, he never saw defendants' car until he was within a distance of approximately 50 feet, whereupon he immediately applied his brakes, losing control of his car, which turned sidewise and skidded forward, the left rear striking defendants' automobile, the left front striking the parked truck.
First, for primary consideration is the negligence vel non of Mrs. Sutphin. There is no contradiction of the fact that, on hearing the siren on the first approaching vehicle, she literally complied with the legal requirements. She drove to the curb, stopped and remained parked until the vehicle passed. When the situation had apparently cleared by the passage of the automobile, Mrs. Sutphin drove to the left to reach the inner right-hand lane because other cars were parked in the outer lane. In so doing and in executing the necessary maneuver of her automobile, the left front end of her car extended slightly beyond and angled across the center line of the street. On reaching that position, she again heard a siren. Unable to again steer her vehicle to the curb, due to the presence of a car immediately *260 in front and cars parked alongside the curb, and not knowing at the time the direction from which the vehicle was approaching, she immediately stopped. Her action in stopping was, under the circumstances, an act of prudence on her part. It has been said that usually the safest course to pursue when one is handling a vehicle in traffic, when danger presents itself, is to stop. Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127, 131.
Negligence is a want of ordinary or reasonable care, which should be exercised by a person of ordinary prudence under all the circumstances in view of the probable danger of injury; and ordinary, reasonable or due care is that degree of care, which, under the same or similar circumstances, would ordinarily or usually be exercised by, or might reasonably be expected from, an ordinarily prudent person. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; State v. Vinzant, 200 La. 301, 7 So.2d 917, 922; Roder v. Legendre, 147 La. 295, 84 So. 787; Neyrey v. Maillet, La.App., 21 So.2d 158; Frazier v. Ayres, La.App., 20 So.2d 754; Gunn v. Saenger-Ehrlich Enterprises, Inc., La.App., 192 So. 744; Flotte v. Thomas Egan's Sons, Inc., 18 La.App. 116, 134 So. 428; 65 C.J.S. Negligence § 11, p. 387.
Under LSA-C.C. art. 2315 respecting liability for damages, liability is founded upon fault, and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In the determination of the question of fault as respecting liability for damages, a common sense test is to be applied, that is, how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable danger confronting the alleged wrongdoer. Brown v. Liberty Mutual Insurance Co., supra. Governed by this test, Mrs. Sutphin's actions were consistent with those of one exercising reasonable care and prudence. No other course has been suggested that she could have pursued, which would have avoided the accident. All that was required of her is that she make a choice or pursue such course of action as a person of ordinary prudence placed in such position might have taken. Car and General Ins. Corp., Ltd., v. Cheshire, 5 Cir., 159 F.2d 985, 988; Stafford v. Nelson Bros., 15 La.App. 51, 130 So. 234; 5 Am.Jur. 600, "Automobiles," § 171.
A motorist faced with a sudden emergency, such as confronted Mrs. Sutphin, and not of her own creation, is required to exercise only reasonable care, and under those circumstances if it could be said she did not make the wisest choice in the selection of the means to avoid the accident, she is not to be penalized for error of judgment. Lacy v. Lucky, 19 La. App. 743, 140 So. 857.
However, it is contended that Mrs. Sutphin violated the provisions of the aforesaid ordinance of the City of Pineville on hearing the siren of the marshal's car in not taking a position near the curb on her right-hand side of the street. Full explanation for her failure in that respect was made as hereinabove set forth. The law does not exact the doing of the impossible, or that, in attempting the impossible, a person be exposed to greater danger.
Moreover, the violation of a traffic regulation is not actionable negligence if it is without causal connection to the accident. Hollabaugh-Seale Funeral Home, Inc., v. Standard Accident Insurance Co., 215 La. 545, 41 So.2d 212. Negligence alone in the operation of a motor vehicle does not necessarily give rise to a cause of action. In order to be actionable, the fault must result in injury or damage and then only if such negligence is a proximate cause of the injury, that is, the injury must be the natural and probable consequence of a negligent act or omission which an ordinarily prudent person ought *261 reasonably to have foreseen might probably result in injury. Cone v. Smith, La. App., 76 So.2d 46; Wood v. Manufacturers Casualty Co., Inc., La.App., 107 So.2d 309; 60 C.J.S. Motor Vehicles §§ 251, 252, p. 614 et seq.
Under the circumstances as shown to exist and as hereinbefore pointed out, Mrs. Sutphin's stopping of her automobile could not be said to constitute a cause of action, that is, a factor without which the accident would not have occurred, for the record establishes, as will be hereinafter shown, that the sole and proximate cause of the accident was plaintiff's negligence in not making proper observation or maintaining a proper lookout and in his failure to keep his vehicle under proper control. Plaintiff's own testimony convicts him of negligence in failing to make a proper observation of traffic conditions. He contented himself with only looking straight ahead, never looking to either side to ascertain the condition of traffic; neither did he know whether defendants' car proceeded from the curb or from behind another automobile to attain the position it reached, and where it stopped prior to the collision. His failure in that respect can only be attributed to one of two facts, either that Mrs. Sutphin had stopped prior to his arrival in sight, which we are inclined to believe, as she and her companion testified she had brought her car to a stop several seconds before the moment of the impact, or to his non-observation. Defendants' position is somewhat corroborated even by plaintiff's testimony that, on first observing defendants' car, it appeared to be at a complete stop or at an almost complete stop.
Neither is there any contradiction of the fact that plaintiff lost control of his automobile. He applied his brakesthe car turned sidewise and skidded into defendants' automobile and the parked truck. From the position in which she had stopped, it was reasonable for defendant to assume that, with a space of 11½ feet intervening between her car and the parked truck, plaintiff could pass in safety, particularly at the speed of 40 miles per hour at which plaintiff claimed to have been traveling.
While it is true that the speed limitations as prescribed in the Highway Regulatory Act, LSA-R.S. 32:1 et seq., do not apply to police vehicles, fire engines or ambulances operated in emergencies and with due care, the owner or operator of such vehicles is not relieved from the consequences of his non-observance of traffic conditions and otherwise reckless disregard of the safety of others. LSA-R.S. 32:230; Pine v. Edmonds, La.App., 73 So.2d 318; Calvert Fire Ins. Co. v. Hall Funeral Home, La.App., 68 So.2d 626, 629.
An observation was made in the latter case to the effect that the driver of an emergency vehicle was required by suitable warning signals to give others a reasonable opportunity to yield the right of way; and that the burden of care imposed upon the operator of such a vehicle required something more than the mere sounding of a siren or the blinking of a red light. These warnings may ordinarily be sufficient to give ample notice of the approach of an emergency vehicle, but other considerations in the operation of such a vehicle are appropriate, such as proper observation and the maintenance of a proper lookout. In the case referred to, the infraction charged to the driver of an ambulance was that he attempted to negotiate a street intersection in the face of a red light without reducing his speed or bringing his car under more complete control and by his non-observance of traffic approaching the intersection. It was there stated:
"Prudence required that he not blindly proceed without having reason to believe that he could do so without danger to life and property. The subject ordinance does not license the reckless crossing of intersections. * * * The operation of the ambulance *262 in the manner disclosed by the record was a proximate cause of the collision."
The duty of a motorist to be ever observant and constantly on the alert applies to the operation of emergency vehicles, and very appropriately so, in that such vehicles are permitted to operate beyond usual speed limitations and in disregard of the usual traffic signals. Privileges accorded drivers in the operation of vehicles in emergencies do not authorize one to drive helter-skelter without making, at least, a casual observation or without keeping his vehicle under some degree of control.
Had plaintiff maintained the proper lookout, he should have, and no doubt would have, not only observed defendants' car when a considerable distance away, but that sufficient space intervened between her car and the parked truck for him to pass in safety. His dereliction and failure in that respect was of such a substantial factor that, without it, the accident would not have occurred. His negligence in that respect constituted the sole and proximate cause of the accident, for which he should respond in damages for the personal injuries sustained by Mrs. Sutphin and the property damages to the car sustained by her husband.
The damages to the automobile were stipulated in the sum of $218. While the injuries suffered by Mrs. Sutphin were slight, she nevertheless sustained shock and became nervous and worried, particularly because of her pregnancy between six and seven months' duration. Her anxiety as to the possible effects upon the unborn child is not to be minimized. Fortunately, no ill-effects were experienced. Under the showing made, $250 is deemed neither inadequate nor excessive for the shock, nervousness and anxiety experienced. Jordan v. Fidelity & Casualty Co. of New York, La.App., 90 So.2d 529; Jordan v. Fidelity & Casualty Co. of New York, La.App., 90 So.2d 531.
For these reasons, it necessarily follows that the judgment appealed should be reversed and judgment rendered in favor of defendants.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed there be judgment herein in favor of the defendant, Mrs. Margaret Sutphin, against the plaintiff, Howard H. Wiley, for the full sum of $250, with 5 percent per annum interest thereon from judicial demand until paid, and there be further judgment in favor of the defendant, Niles Sutphin, against the plaintiff, Howard H. Wiley, for the full sum of $218, with 5 percent per annum interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
Reversed and rendered.