AYRES, Judge.
This action, ex delicto, arose out of a rear-end collision between a Rambler station wagon of Max Fant, plaintiff's husband, with whom she was riding as a guest passenger, and an automobile of the City of Bossier City, operated by Ronald E. Parker, a member of the City’s police department. The accident occurred near a gravel crossover on the Shreveport-Barksdale Highway, a 4-lane main thoroughfare with two lanes for traffic in each direction, separated by a neutral ground. The police car struck the rear of the station wagon, inflicting the injuries upon plaintiff for which she seeks to be compensated. Made defend *444 ants in addition to Parker were his employer, the City of Bossier City, Louisiana, and its insurer, Zurich Insurance Company, and plaintiffs husband’s insurer, Fireman’s Fund Insurance Company.
Negligence charged against defendant Parker consisted of his alleged failure to keep a proper lookout or to keep his vehicle under control, in following the station wagon too closely, and in driving at an excessive rate of speed. Negligence directed to Max Fant included his failure to keep a proper lookout or to keep his car under control, in changing lanes, and in bringing his vehicle to a sudden stop, endangering the safety of the following vehicle. Plaintiff was charged with contributory negligence in riding in a vehicle with a driver known by her to be under the influence of intoxicating liquors, in riding in a vehicle whose driver was attempting to escape arrest by fleeing, without protest, and in acquiescing in her husband’s refusal to heed a lawful order of a police officer.
From a judgment awarding plaintiff damages in the sum of $2,500, orders of appeal were entered on behalf of all defendants. Zurich Insurance Company and its assured perfected their appeals by filing appropriate bonds. Thereafter, plaintiff and defendant Fireman’s Fund Insurance Company settled and compromised plaintiff’s claims as they related to that defendant, reserving, however, all of plaintiff’s rights against all other defendants. Plaintiff has also answered the appeal praying for an increase in the award.
Factual as well as legal issues are presented on this appeal and will be discussed in that order. Plaintiff and her husband left their home in the Shreve Island section of the City of Shreveport in the early evening of December 14, 1961, carrying with them a carton of six cans of beer. En route to a show, each consumed a can of beer. Leaving the show about 10:30 p. m., they drove through Shreveport across Red River to Bossier City, and continued through Benton toward Plain Dealing. Before reaching the latter point, they reversed their course and returned to Bossier City where-they proceeded easterly on U. S. Highway 80 to Airline Drive. A turn to the right was made on Airline Drive, over which they continued to Barksdale Boulevard, U. S.. Highway 71, and then on to the Shreveport-Barksdale Highway en route home. Plaintiff and her husband admitted the drinking of two additional beers each during the-course of this journey.
Officer Parker observed Fant negotiating' the intersection of Airline Drive and the-Old Minden Road, traffic through which is-controlled by the usual semaphore-type electric light system, on a “red” light and at a. speed estimated at 50 m. p. h., and gave chase, but refrained from sounding his-siren in a residential area at that hour of the night, approximately 1:00 a. m. Unable to overtake Fant until they reached the bridge spanning Red River, Parker then turned on his siren. At the time, Parker testified he clocked Fant’s speed at 75 m. p.. h., but he, nevertheless, continued behind Fant at a distance estimated at 15 feet. Fant intended, so he testified, making a left turn at the Camilla Street intersection and proceeding across the eastbound traffic lanes-into a service road which led to his residence in Shreve Island. Unable to reduce his speed sufficiently to make the turn, he continued westward toward the gravel crossover where, as he approached, his vehicle was struck from the rear by the police vehicle.
Fant testified that he heard the police siren while he was slowing down at the-Camilla Street intersection, and that he intended to drive to the left onto the gravel crossover to permit the police car to pass. Fant admitted driving through Bossier City and across the bridge at a speed of 45-50' m. p. h., but testified that, in coming off the bridge, he reduced his speed but again increased it along the highway to a speed of approximately 55-65 m. p, h.
Necessity no longer exists for a discussion of Fant’s negligence. The compro *445 mise entered into by plaintiff and Fant’s insurer dismissed the latter as a party defendant.
The issues remaining for a determination relate to the questions of Parker’s negligence and of plaintiff’s contributory negligence.
First, logically, for consideration is the alleged negligence of the police officer. By his own testimony, Parker was following the Fant vehicle at an excessive rate of speed, at a distance of only 15 feet. His own testimony would reflect that the speed of the vehicles was 75 m. p. h. That the speed was excessive to that extent is not borne out by other testimony. Two Shreveport police officers in the vicinity at the time estimated the speed at a considerably lesser rate. The preponderance of the evidence, including Fant’s admission, establishes, however, that the speed of both vehicles was, under the circumstances, excessive.
A statutory rule in effect at the time of the occurrence of this accident was that
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.” LSA-R.S. 32 :- 234, subd. A.
We had the occasion to apply the provisions of this statute in Wiley v. Sutphin, La.App.2d Cir., 1958, 108 So.2d 256. In that case a city marshal followed a fire engine to the scene of a fire. The plaintiff, on hearing the approach of the fire chief’s car, pulled to the right, but thereafter pulled back into the street and was hit from the rear by the marshal’s car. The marshal testified that, although he was traveling at a speed of only 40 m. p. h., he never saw plaintiff’s vehicle until he was within a distance of approximately 50 feet away, whereupon he applied his brakes but lost control of his car and the collision ensued. In commenting on this state of facts, and in finding-the marshal guilty of negligence, we stated
“While it is true that the speed limitations as prescribed in the Highway Regulatory Act, LSA-R.S. 32:1 et seq., do not apply to police vehicles, fire engines or ambulances operated in emergencies and with due care, the owner or operator of such vehicles is not relieved from the consequences of his non-observance of traffic conditions and otherwise reckless disregard of the safety of others. LSA-R.S. 32:-230; Pine v. Edmonds, La.App., 73 So.2d 318; Calvert Fire Ins. Co. v. Hall Funeral Home, La.App., 68 So.2d 626, 629.” (108 So.2d 256, 261.)
Moreover, in effect also at the time of the occurrence of the accident herein involved were the provisions of LSA-R.S.-32:230 which declared:
“The speed limitations of this Chapter do not apply to police vehicles, fire engines, and ambulances operated in emergencies and with due regard for safety. But no owner or operator of such vehicles is protected from the consequences of a reckless disregard of the safety of others.” (Emphasis supplied.)
No exceptions are noted in the-statute for police vehicles. In this connection, it may be pointed out that, in Mayfield v. Carriere, La.App. Orleans, 1956, 86 So.2d 559, a policeman was held negligent in “tailing” a car too closely and was denied recovery where the forward car, on account of an emergency, swerved to its right, causing the policeman’s motorcycle to take-similar action and strike a parked vehicle. Thus, the statutory rule finds ample support in the jurisprudence to the effect that the driver of an emergency vehicle has the duty to refrain from the reckless disregard of the safety of others. Calvert Fire Ins. Co. v. Hall Funeral Home et al., La.App.2d Cir., 1953, 68 So.2d 626.
*446 This rule prevails not only in this State hut in other states as well. For instance, it was held, in Glosson v. Trollinger et al, 227 N.C. 84, 40 S.E.2d 606, that a police officer was negligent in operating his car only a car’s length behind a truck on wet, slippery pavement, where the police vehicle collided with that truck. There, a police officer following the alleged speeding truck at 40-45 m. p. h., collided with the pursued truck when the latter was brought to an ■abrupt stop because a car ahead of it had stopped to make a turn. As a result of the accident, he was held contributorily negligent.
In the instant case, the police officer had his siren in operation, at least for some distance preceding the accident. Obviously, the sounding of the siren was for some purpose and this purpose clearly was to cause Fant to reduce his speed, or to stop, or to turn aside. The officer should, therefore, have anticipated that Fant would have taken some such action. Driving too closely, 15 feet behind, at an excessive rate of speed, was negligence constituting, in our opinion, a cause, or at least a contributing cause, of the accident. The driver of a following car must exercise reasonable care .and maintain such speed and such distance from the forward car as to be able to meet the usual and ordinary movements of the car ahead. Pinchera et al. v. Employers Casualty Co. et al., La.App.2d Cir., 1954, 73 So.2d 623.
Parker not only failed to exercise reasonable care to meet any usual and ordinary movements of the car ahead, but took no precaution to avoid a collision if Fant heeded the warnings of the siren to slow, stop, or to turn aside.
The defendants, to avoid responsibility for the negligent acts of the police officer, rely upon the mere excuse that he was acting within tlie course of his duty as a police officer and cite the case of Brechtel v. Lopez, La.App. 4th Cir., 1962, 140 So.2d 189 (writs denied). In that case, plaintiff, a police officer in charge of a vehicle driven by a fellow officer, was chasing a speeding vehicle in the City of New Orleans. At the time of the accident, the speeder was a few blocks in the lead and turned to elude the police officers. The police car was not at the time, nor had it been, riding on the “tail” of the pursued vehicle. Such an act of negligence did not exist and was not discussed in that case. The court held that a police officer was entitled to catch a speeding vehicle, and that such speed did not necessarily constitute contributory negligence. No authority was cited for the ruling made; nor were the provisions of the highway regulatory statute referred to. Hence, the conditions imposed upon the operators of emergency vehicles, relative to safety and their liability for the consequences of a reckless disregard of the safety of others, were neither mentioned nor discussed. We do not find that the authorities cited are either applicable or controlling here.
The burden of establishing contributory negligence is upon the defendants. The evidence was clearly insufficient to support the charge. In fact, the trial court observed “there was no testimony to the effect that Mrs. Fant was in any way a contributor to this accident.” We may observe more specifically that plaintiff’s alleged acquiescence in the husband’s alleged excessive speed is not supported by the evidence.
Nor is there any evidence to establish that Fant was fleeing to avoid an arrest, or that plaintiff had such a belief. The first Fant or his wife knew they were being followed by a police car was when Fant reduced his speed at the Camilla Street intersection. That Fant did not intend to stop and turn aside to permit passage of the police car was not shown.
Nor does the evidence support the charge that either Mr. or Mrs. Fant was intoxicated or that he was driving under the influence of intoxicating liquor. During the *447 course of about six hours, they were shown, by their admission, to have drunk three beers each. None of the officers testified that Fant was drunk or was under the influence of intoxicating liquor. That he had been drinking was admitted. The officers detected the odor of alcohol on his breath. The record makes no reference to any classical, clinical finding, such as staggering, bleary eyes, erratic speech, or unusual behavior indicative of the fact that he had consumed too much alcohol. To the contrary, the evidence establishes the nonexistence of these characteristics.
The award of damages was made by the trial court after considering the matter on two separate occasions — first, at the conclusion of the trial, and, second, on a trial of a motion for a new trial. Plaintiff, at the time of the accident, was 28 years of age and enjoyed good health. She sustained a mild whiplash type injury. Bruises and contusions produced soreness. During the first two weeks following the accident plaintiff was subjected to the use of a plastic collar and, for two months thereafter, she was required to wear a steel brace. Headaches and discomfort persisted for a longer period of time. Occipital neuralgia continued even longer. Nevertheless, we find no manifest error in the award as made and, therefore, approve the same.
All parties apparently concede that credit for the amount received by plaintiff in the compromise settlement should be given on the judgment appealed.
Accordingly, the judgment appealed, as against the defendants Zurich Insurance Company, City of Bossier City, Louisiana, and Ronald E. Parker, is amended by the allowance of credit thereon for the sum received by plaintiff in a settlement with the defendant Fireman’s Fund Insurance Company and, as thus amended, is affirmed at defendants-appellants’ cost.
Amended and affirmed.