JOANNE M. BLAIR, administratrix, *vs.* PAUL T. KEATING. June 14, 1968. The administratrix of the estate of Robert A. Blair seeks recovery for Blair's death on the night of May 23, 1964, while riding a motorcycle pursued for several miles at high speed by a police cruiser with siren and dome light operating. Police officers had observed Blair riding his motorcycle that night after earlier police warnings not to do so because of complaints. See G. L. c. 90, § 16 (as amended through St. 1961, c. 66; see later amendment by St. 1965, c. 239). We assume (without deciding) that some negligence in the conduct of the pursuit, on the part of the police officers, could have been found. See G. L. c. 89, § 7 (as amended through St. 1961, c. 173), § 7B (as inserted by St. 1934, c. 382; later amended by St. 1964, c. 182); c. 90, § 25; *Neil* v. *Holyoke St. Ry.* 329 Mass. 578, 581–583; annotations 60 A. L. R. 2d 873, 890–893; 83 A. L. R. 2d 383. See also *Hammon* v. *Pedigo*, 173 Neb. 787, 799. Negligence, however, must be causally related to the injury if liability is to be imposed. *Falvey* v. *Hamelburg*, 347 Mass. 430, 435. The police officers' testimony would not permit a finding either of negligence or of causal relationship. No testimony from persons sufficiently close to the accident scene, and no other evidence, would support a finding that any police negligence caused Blair's death. Inferences based on surmise and conjecture do not suffice. See *LeBlanc* v. *Atlantic Bldg. & Supply Co. Inc.* 323 Mass. 702, 706; *Fucci* v. *W. W. Welch, Inc.* 329 Mass. 467, 469; *Helie* v. *Goldstein*, 338 Mass. 22, 24; *Falvey* v. *Hamelburg*, 347 Mass. 430, 435–436. See also *Luvera* v. *DeCaro*, 317 Mass. 222, 224; *Knox* v. *Lamoureaux*, 338 Mass. 167, 169–170. Cf. *Fant* v. *Zurich Ins. Co.* 160 So. 2d 443, 446 (La. Ct. App.). We need not decide whether Blair's conduct constituted contributory negligence as matter of law. See *Jones* v. *New York, N. H. & H. R.R.* 275 Mass. 139, 142–144; *Baggs* v. *Hirschfield*, 293 Mass. 1, 2–4; *Gambardello* v. *H. J. Seiler Co.* 335 Mass. 49, 52; *Weir* v. *New York, N. H. & H. R.R.* 340 Mass. 66, 70–71; *Grabos* v. *Loudin*, 60 Wash. 2d 634, 636–638. The trial judge correctly ordered a verdict entered for Keating (in lieu of one for the administratrix taken on leave reserved).

*Exceptions overruled.*

*Terence F. Riley* for the plaintiff.
*James I. Kittredge*, Assistant City Solicitor, for the City of Fitchburg, submitted a brief.
*Elliot L. Richardson*, Attorney General, *Howard M. Miller*, Assistant Attorney General, *& James P. Cassidy, Jr.*, Legal Assistant to the Attorney General, for the Attorney General, amicus curiae, submitted a brief.