GEORGE DAME *vs.* BAY STATE STEVEDORING COMPANY. January 14, 1975. In this action of tort for negligence a Superior Court judge found for the plaintiff. The case is here on the defendant's exceptions. The plaintiff, a trucking company employee, was injured when struck on the right shoulder by a bale of fiber while engaged in transferring bales from a pile of bales to a truck by means of a fork-lift being operated by a fellow employee. The bales were rectangular in shape and each weighed between four and five hundred pounds. When struck, the plaintiff was standing about nine feet from the pile and two or three feet from the forklift on which three bales had just been removed from the pile to which the plaintiff's back was then turned. On March 14, 1969, four months after the accident, the plaintiff filed a claim for compensation with the Division of Industrial Accidents. Five days thereafter, this suit was brought in the plaintiff's name. Assuming arguendo that (a) the suit was authorized by the insurer under G. L. c. 152, § 15, as amended through St. 1965, c. 487, § 1A, and (b) that the pile of bales was negligently stacked by employees of the defendant, we conclude that the judge erred in denying the defendant's request for a ruling that "[t]he evidence, construed in the light most favorable to plaintiff, as a matter of law, does not suffice to establish that any negligence on the part of the defendant was causally related to plaintiff's alleged injuries." Taken most favorably for the plaintiff, the evidence, as matter of law, did not establish that the negligence of the defendant caused the plaintiff's injury. The judge's finding that "the bale or bales which struck the [p]laintiff" came from the pile and not from the bales stacked on the forklift was conjectural. *O'Meara* v. *Adams,* 283 Mass. 396, 402 (1933). *Blair* v. *Keating,* 354 Mass. 771 (1968). See *Zezuski* v. *Jenny Mfg. Co.* 363 Mass. 324, 327-328 (1973). The evidence revealed that only one bale fell and struck the plaintiff, and there was no evidence, including the testimony of the sole eyewitness, to indicate whether that bale fell from the pile or from the forklift. The defendant's exception to the denial of its request is sustained and judgment is to be entered for the defendant.

*So ordered.*

*William A. McCormack, Jr.,* for the defendant.
*Philip J. Murphy* for the plaintiff.