MASSACHUSETTS TURNPIKE AUTHORITY *vs*. MARK D. ROBERTS. February 4, 1982. The plaintiff has appealed from a judgment entered against it in the Superior Court on the defendant's counterclaim for the damages sustained by him when the top of the trailer of the tractor-trailer truck he was operating struck a stringer on the underside of a bridge over the Massachusetts Turnpike. The judge who heard the case without jury warrantably found (a) that the maximum clearance under the bridge had been reduced from approximately fourteen feet to thirteen feet, eight and one quarter inches, when the stringer in question had been struck by an object carried on another truck some ten days prior to the date of the defendant's accident and (b) that the plaintiff had been "negligen[t] . . . in failing to repair the stringer or warn of the reduced clearance." The difficulty with the case is that there was no evidence from which it could have been found that there was a causal relationship between the plaintiff's negligence and the injury to the defendant's trailer. See and compare *Baggs* v. *Hirschfield*, 293 Mass. 1, 3 (1935) ("Negligence . . . is without legal consequence unless it is a contributing cause of the injury"); *Falvey* v. *Hamelburg*, 347 Mass. 430, 435 (1964) ("Negligence does not operate in a vacuum. Legal consequences result from it if, but only if, the negligence is causally related to the harm complained of"); *Blair* v. *Keating*, 354 Mass. 771 (1968) ("Negligence, however, must be causally related to the injury if liability is to be imposed . . . . Inferences based on surmise and conjecture do not suffice"); *Alholm* v. *Wareham*, 371 Mass. 621, 626 (1976). The only evidence as to the height of the trailer was that it did not exceed thirteen feet, three inches, above the surface of the highway, and the judge expressly accepted testimony that "it was a nice smooth, fresh highway." In the circumstances, the judge could not extricate the case from the realm of "surmise and conjecture" by taking judicial notice (as he appears to have done) that the trailer bounced a vertical distance of more than five and one quarter inches as it passed under the bridge. Contrast *Berger* v. *Massachusetts Bay Transp. Authy.*, 355 Mass. 695, 696

(1969). The judgment is reversed, and a new judgment is to be entered which dismisses the counterclaim as well as the original action.

*So ordered.*

*John F. Driscoll* for the plaintiff.
*Edwin F. Hannon, Jr.,* for the defendant.