COMMONWEALTH vs. WILLIAM L. ASKEW.

Essex.  February 7, 1989. — April 6, 1989.

Present: Wilkins, Liacos, Abrams, Nolan, & Lynch, JJ.

*Homicide. Practice, Criminal,* Instructions to jury. *Proximate Cause. Evidence,* State of mind. *Wilful, Wanton, or Reckless Conduct.*

At the trial of a manslaughter indictment arising out of an incident in which the defendant, during an argument with the victim, held a shotgun with one finger on its trigger and, as he pointed it in the victim's direction, a third person intervened and the shotgun discharged, killing the victim, the judge's instruction to the jury that the Commonwealth had to prove beyond a reasonable doubt that the death was not an accident adequately presented the jury with the question whether the Commonwealth had proved beyond a reasonable doubt that the third party's intervention was a reasonably foreseeable response to the situation that the defendant had recklessly created and, in view of the judge's charge as a whole, the jury were adequately instructed on the issue of causation. [533-535]

At the trial of a manslaughter indictment arising out of an incident in which the victim was killed by a shot fired from a shotgun pointed in the victim's direction by the defendant as it was grabbed by a third party, the judge did not err in refusing to instruct the jury that, in deciding whether the defendant's conduct was wanton or reckless, they should not consider his conduct at a different location shortly before the shooting. [535-536]

At the trial of a manslaughter indictment arising out of an incident in which the victim was killed by a shot fired from a shotgun pointed in the victim's direction by the defendant as it was grabbed by a third party, the judge's reference to certain facts in decided cases in his instructions to the jury did not, when the instructions were viewed in their entirety, indirectly tell the jury to find the defendant guilty of manslaughter if they found that the defendant knew that the gun was loaded. [536]

Indictment found and returned in the Superior Court Department on July 10, 1985.

The case was tried before *Robert J. Hallisey,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Carol A. Donovan*, Committee for Public Counsel Services, for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of involuntary manslaughter on the theory that his wanton or reckless conduct caused the death of Curtis Moore (victim). See *Commonwealth v. Campbell*, 352 Mass. 387, 397 (1967); *Commonwealth v. Welansky*, 316 Mass. 383, 399 (1944). In his appeal, which we transferred here on our own motion, he challenges certain aspects of the judge's charge to the jury. We affirm the conviction.

We recite the evidence most favorable to the Commonwealth. On June 8, 1985, the defendant engaged in an argument with Albert Tompkins outside 24 Arlington Street in Haverhill. The defendant entered the building, went to the second floor apartment, and returned with a shotgun owned by one George Sales. He pointed the gun at Tompkins. The defendant said the gun was loaded. The argument subsided, and the defendant, Tompkins, one Neville, and the victim entered the building at 24 Arlington Street.

Argument continued, however, in the hallway of 24 Arlington Street. George Sales, who lived on the second floor, woke up and recognized the voices of the defendant and the victim who were swearing at each other. Sales went out into the hallway and saw the defendant on the second step from the top of the stairs and the victim, twelve to fifteen feet away from Sales, standing on the second step up from the bottom. Sales recognized that the defendant was holding Sales's shotgun with one finger on its trigger. The shotgun was pointed down the stairs where the victim was standing, but it was not aimed at the victim. Sales grabbed the shotgun because "it was my gun and I didn't want no trouble." The gun fired and killed the victim.

1. We reject the defendant's claim that the judge failed adequately to instruct the jury on the significance on the question of causation of Sales's intervention. The defendant con-

tends Sales's conduct was an independent, intervening cause of death, relieving the defendant of criminal responsibility.

The defendant was entitled to an instruction that the Commonwealth had to prove beyond a reasonable doubt that the defendant's conduct, if wanton or reckless, was the legal cause of the victim's death. The judge gave such an instruction, consistent with the views expressed on proximate cause in *Commonwealth* v. *Rhoades*, 379 Mass. 810, 823-825 (1980). He said, quoting language approved in the *Rhoades* opinion (*id.* at 825), that "proximate cause is a cause which in the natural and continuous sequence produces the death and without which the death would not have occurred."

The general rule is that the intervening conduct of a third party will relieve a defendant of culpability only if such an intervening response was not reasonably foreseeable. See *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 37 (1984); *United States* v. *Marler*, 756 F.2d 206, 216 (1st Cir. 1985); *State* v. *Govan*, 154 Ariz. 611, 615-616 (Ariz. Ct. App. 1987). 1 W.R. LaFave & A.W. Scott, Jr., Substantive Criminal Law § 3.12, at 406-407 (1986); R.M. Perkins & R.N. Boyce, Criminal Law 809-812 (3d ed. 1982). This is just another way of saying that an intervening act of a third party that was not reasonably foreseeable in the circumstances would prevent the victim's death from following naturally and continuously from the defendant's conduct.

The defendant argues that he was entitled to a more explicit instruction, one that would have directed the jury to consider whether Sales's response on seeing the defendant with the gun broke the chain of legal cause. The quoted portion of the judge's instruction taken by itself appears to exclude as a proximate cause of the victim's death any intevening cause of the type that would relieve a defendant of culpability. Standing alone, that instruction might not have been sufficiently informative to a jury. The judge said more, however, and, in doing so, he focused the jury's attention in a practical way on whether Sales's response to the defendant's conduct was an intervening cause that resulted in the defendant's conduct not being the proximate cause of the victim's death. He said, "[Y]ou must be

satisfied that this was not just an accident for which no one really is to blame."

By this additional language, the judge conveyed the point adequately to the jury. The defendant admits that the request he filed concerning "intervening" cause was not correct. We think that words such as "dependent" or "independent" intervening cause and "superseding" cause, although perhaps helpful categories for legal analysis and discussion, do not help a jury to understand the concept of proximate cause. On the facts of this case, telling the jury that the Commonwealth had to prove beyond a reasonable doubt that the death was not an accident adequately presented the jury with the question whether the Commonwealth had proved beyond a reasonable doubt that the intervention by Sales was a reasonably foreseeable response to the situation that the defendant had recklessly created. The charge would have benefited from an additional statement that the Commonwealth had to prove that the defendant's conduct was the efficient cause that necessarily set in motion the factors that caused the victim's death (see *Commonwealth* v. *Rhoades*, 379 Mass. 810, 825 [1980]), and that, if Sales's response was not shown to be a reasonably foreseeable one, the defendant's conduct was not the legal or proximate cause of the victim's death. Considering the charge as a whole, we conclude that the jury were adequately instructed on the issue of causation.[1]

2. There was no reversible error in other aspects of the judge's charge.

The defendant argues that the judge erred in refusing to give an instruction that, in deciding whether the defendant's conduct was wanton or reckless, the jury should not consider his conduct outside 24 Arlington Street. The defendant does not argue that the evidence was improperly admitted. It bore on the defendant's state of mind and showed the whole transaction, the sequence of events leading up to the shooting. See *Commonwealth* v. *Longo*, 402 Mass. 482, 489-490 (1988); *Common-*

---

[1] In treating this issue as we have, we have assumed (without deciding) that the evidence would have warranted a reasonable doubt as to whether the intervention by Sales was foreseeable.

*wealth* v. *Weaver*, 400 Mass. 612, 619-620 (1987). The jury were entitled to consider that evidence.

The defendant complains that the judge misled the jury into believing that, if the defendant knew the gun was loaded, he was guilty of manslaughter. The defendant makes this argument because the judge referred to the facts in decided cases. In *Commonwealth* v. *Bouvier*, 316 Mass. 489 (1944), to which the judge referred stating the basic facts, the defendant did not know the gun was loaded and a verdict of guilty of manslaughter was not warranted. In *Commonwealth* v. *Wallace*, 346 Mass. 9 (1963), to which the judge also referred in factual detail, a manslaughter verdict was warranted where, among other things, the evidence showed that the defendant knew the gun was loaded. Surely the charge would have been improved by eliminating any recitation of facts from other cases. *Commonwealth* v. *Santos*, 402 Mass. 775, 778 (1988). We consider the charge as a whole, however, and conclude that the judge did not indirectly tell the jury to find the defendant guilty of manslaughter if they found that the defendant knew that the gun was loaded.

*Judgment affirmed.*