DAWN M. ALLEN, administratrix, & others *vs.* ROBERT SLOCUM & others. No. 89-P-829. September 10, 1991. *Practice, Civil*, Bifurcated trial. *Negligence*, Medical malpractice, Proximate cause. *Proximate Cause.*

The plaintiffs in this medical malpractice action appeal from a partial final judgment entered for four of the defendants, three physicians and a hospital. A jury in answers to special questions found that the three physicians had not been negligent, that one or more of the nurses employed by the hospital had been negligent, and that the negligence of the nurse or nurses had not been causally related to the death of the plaintiffs' decedent. The latter was a four year old boy who the jury, on the evidence,

---

could properly have found was malnourished and acutely ill when first brought to the defendant Slocum roughly twenty-nine hours, and to the defendants Gold, Abrams, and the hospital roughly sixteen hours, before expiring. The theory of the action was that the physicians had negligently failed to diagnose and treat the child's kidney and urinary tract infection that caused septic shock and death and that the nurses had failed to monitor the decedent's blood pressure and had mislaid the urinalysis report that would have led to an earlier diagnosis. The theory of the defense, apart from denying negligence, was that the decedent was so debilitated by neglect and malnutrition when presented for treatment that there was then no reasonable likelihood of saving his life.

1. There was no error in the denial of the motion to try separately the issues of liability and damages. The evidence of the mother's neglect of the decedent and of his removal from her care by the Department of Social Services was relevant not only to the issue of her damages but also to that of the cause of death. (See *Allen* v. *Holyoke Hosp.*, 398 Mass. 372 [1986], an earlier decision in this case, which concerned the effect of the statutory social worker privilege on the discoverability of the department's records.) "Clearly separation would be inappropriate when the issues of liability and damages intertwine. If, for example defendant in a negligence action alleges plaintiff's contributory negligence, separating liability and damages would greatly frustrate the purpose of the Massachusetts comparative negligence statute [G. L. c. 231, § 85]." Smith & Zobel, Rules Practice § 42.5, at 84 (1977). See *Dobos* v. *Driscoll*, 404 Mass. 634, 644 (1989), noting the absence of cases holding that a refusal to bifurcate is a ground for reversal.

2. It is not contended that the judge erred in overruling particular objections to proffered evidence of the mother's neglect (the judge refused to rule on the plaintiffs' broadly worded motions in limine, electing instead to consider particular items of testimony when offered at trial). See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

3. The judge defined the concept of proximate cause, in part, as "that which in a continuous sequence and unbroken by any other cause, produces a result and without which the result would not have occurred. . . ." See *Wallace* v. *Ludwig*, 292 Mass. 251, 254 (1935), which is the source of that language,[1] but which uses "new" where the judge substituted "other." The substitution could have been misleading as it could be understood to exclude liability in a case of several, concurrently operating, contributing causes. The judge went on, however, to explain that "there may on the other hand be more than one proximate cause of a particular result" and that the plaintiffs' burden was only to establish that the defendants' negligence was "*a* proximate cause of the result com-

---

[1]Echoed, recently, in *Commonwealth* v. *Rhoades*, 379 Mass. 810, 825 (1980), and *Commonwealth* v. *Askew*, 404 Mass. 532, 534 (1989).

plained of" (emphasis supplied). The instruction that "[e]ven if a person is negligent, if the result would have occurred anyway, then that negligence is not the proximate cause of that result" was not harmful on the evidence before the jury. In context the instruction only explained the "general rule . . . that one cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff." *Wainwright* v. *Jackson*, 291 Mass. 100, 102 (1935). *Falvey* v. *Hamelburg*, 347 Mass. 430, 435 (1964). *Blair* v. *Keating*, 354 Mass. 771, 771 (1968). It was analogous to the instruction sustained in *O'Connor* v. *Raymark Indus., Inc.*, 401 Mass. 586, 591 (1988)("It has to be a substantial contributing cause . . . . It means something that makes a difference in the result"). While the judge might have expanded on his proximate cause instructions, we do not think that the "substantial legal factor" language contained in one of the plaintiffs' requested instructions would have elucidated the concept for the jury.

*Judgment affirmed.*

*Charles M. Burnim* (*Alan R. Goodman* with him) for the plaintiffs.

*Edward L. Donnellan* (*Kathleen E. Sheehan* with him) for Howard Gold & another.

*William C. Flanagan* for Robert Slocum.

*George W. Marion* (*Michael H. Burke* with him) for Holyoke Hospital.